No. 12,29.

## The Chicago and Southeastern Railway Company v. Perkins.

LANDLORD AND TENANT.—*Tenant Holding Over.*—*Tenancy from Year to Year.*—The mere fact that a tenant continues to hold possession of the premises for more than one year after the expiration of his lease, does not create a new tenancy from year to year under the statute.

SAME.—*Tenant Wrongfully Holding Over.*—*Notice to Vacate.*—*Possessory Action.*—A tenant wrongfully holding over after expiration of lease is not entitled to notice to vacate before suit for possession.

SAME.—*Sufficiency of Complaint Against Tenant Holding Over.*—That the complaint, in an action for possession against a tenant holding over, is sufficient, see opinion.

From the Clinton Circuit Court.

*W. R. Crawford*, for appellant.

*O. P. Mahan* and *F. W. Kelsey*, for appellee.

DAVIS, J.—In February, 1893, this action was commenced by appellee against appellant in the Boone Circuit Court. The venue of the cause was afterwards changed to the Clinton Circuit Court. Appellant demurred to the complaint which was overruled and an answer of general denial filed. On trial by the court, finding was entered ifor appellee for possession of the real estate and $130 damages. Appellant's motion in

arrest of judgment was overruled and judgment was rendered on the finding.

Two errors only are discussed by counsel for appellant in this court:

1. The overruling of the demurrer to the complaint.

2. The overruling of the motion in arrest of judgment.

The sole question presented is whether the complaint contains facts sufficient to constitute a cause of action.

The appellee alleges that she is the owner and entitled to the possession of certain described real estate situate in Boone county, Indiana; that on the 31st of December, 1886, she rented and leased said real estate to the Midland Railroad Company, for a period of five years, at a rental of seventy-five dollars per year, payable annually in advance, and that said tenancy terminated on the 31st of December, 1891; that appellant has purchased the entire property of the Midland Railroad Company, and has succeeded to all the rights and franchises and assumed and obligated itself to pay all the debts and liabilities of said company; that she has been since the termination of said tenancy and is now entitled to the possession of said real estate since which date said appellant has unlawfully and wrongfully held the possession of said real estate and without right kept her out of the possession thereof to her damage by reason of said unlawful holding over in the sum of one hundred and thirty dollars.

It is insisted by counsel for appellant that action in ejectment would not lie until appellant had notice to vacate the property.

The demurrer admits that the possession by appellant was taken before the expiration of the lease; that the right to hold such possession expired on the 31st of December, 1891; that the continued possession by appellant after that date was unlawful and wrongful. It was

the duty of appellant to surrender possession on the expiration of the term of the lease. The mere fact that appellant without right continued to exclude appellee from the possession of her property for more than one year before the suit was instituted, did not create a new tenancy from year to year under the statute. This is the only point suggested by counsel for appellant. Under the facts stated in the complaint, no notice to vacate was necessary before suit.

Filed Oct. 30, 1895; petition for rehearing overruled Feb. 8, 1895.