## Dearing, Executor, *v.* Coulson.

[No. 7,252. Filed October 5, 1911.]

1. APPEAL.—*Weighing Evidence.—Excessive Recovery.*—Where the evidence as to the value of services is conflicting the Appellate Court will not disturb the decision of the trial court. p. 415.
2. WITNESSES.—*Competency.—Decedents' Estates.—Claimants.—Testimony of.—Abuse of Discretion.*—Under §526 Burns 1908, Acts 1883 p. 102, providing that in claims against decedents' estates, the court "may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion will be renewable [reviewable] upon appeal," a trial judge's direction for a claimant to testify in her own behalf, is reviewable for an abuse of discretion; but each case should be decided upon its own merits. p. 415.
3. EXECUTORS AND ADMINISTRATORS.—*Claimants.—Permitting to Testify.—Discretion.—Abuse.*—In an action by a claimant against an executor for services rendered to the testatrix, the trial court's direction that the claimant testify does not constitute an abuse of discretion, where the trial was by the court and where a witness had already testified that the testatrix had said that the claimant, at the death of the testatrix, was to receive for her services certain property. p. 416.

From Pike Circuit Court; *E. A. Ely,* Judge.

Action by Ella Coulson against William P. Dearing, as executor of the last will of Amanda Helsley, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. D. Curll* and *Richardson & Taylor,* for appellant.
*Ely & Greene,* for appellee.

ADAMS, J.—Appellee filed her claim for $1,411, against the estate represented by appellant. The claim was for

personal services, alleged to have been rendered by appellee to appellant's testatrix, and to have been rendered pursuant to an agreement with the testatrix that she would pay appellee for the services agreed upon by devising to her a certain ten-acre tract of land; that the services were of the value of $1,411, and had been rendered pursuant to such agreement; that the testatrix had not complied with said agreement, and had not devised to appellee said real estate. The cause was submitted to the court for hearing, which resulted in a finding and judgment for appellee in the sum of $600.

A motion for a new trial was filed and overruled, and this constitutes the only error assigned in this court. The motion for a new trial was on the grounds that the court erred in requiring and permitting the claimant to testify as a witness, that the amount of recovery is too large, and that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The testimony given in the case was oral, and, to some extent, conflicting; but it was clearly established by all the evidence that appellee had rendered some service to

1. the testatrix, and that said service had some value. We cannot weigh the evidence on appeal in a case of this kind on the ground that the recovery was excessive, and was not sustained by the evidence. We cannot say that the court erred in overruling the motion for a new trial on such grounds.

The important question, however, raised by the motion for a new trial, and the question argued at length by counsel on both sides, relates to a review of the discretion of

2. the trial court exercised in requiring appellee to testify in the case. The record shows that the court of its own motion required the claimant to testify. By §526 Burns 1908, Acts 1883 p. 102, in a case of this kind, the court "may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion

will be renewable [reviewable] upon appeal." Prior to 1883 the action of the court in exercising the discretion of requiring a party to testify in such cases was not subject to review. *Perrill* v. *Nichols* (1883), 89 Ind. 444. The present statute, however, expressly provides for the review of the discretion exercised by the trial court, and it becomes the duty of the court on appeal to examine into the circumstances under which the discretion was exercised. It has been held that every case, wherein the discretion has been exercised, must necessarily be determined on its own merits, and no general rule that would be applicable in all cases can be laid down. *Talbott* v. *Barber* (1894), 11 Ind. App. 1, 12, 54 Am. St. 491; *Willits* v. *Schuyler* (1891), 3 Ind. App. 118; *Forgerson* v. *Smith* (1885), 104 Ind. 246.

If, as we have seen, every case, in which the court has exercised a discretion in requiring a party to testify, must be determined on its own merits, and no general rule

3. can be laid down with reference thereto, the abuse of that discretion must be very palpable to warrant a reversal on that ground alone. Especially is this true in cases submitted, as this case was, to the court, which is the conservator of estates within its jurisdiction, and is in a peculiarly favorable position to pass on the fairness and justice of exercising such discretion. In the case of *Talbott* v. *Barber, supra,* this court indicated that there could be no abuse of discretion in requiring a party to testify, after a *prima facie* case had been made out by the testimony of other competent witnesses. In the case of *Jonas* v. *Hirshberg* (1907), 40 Ind. App. 88, this court indicated that where there is indefinite evidence of the terms of an alleged written contract, it is an abuse of discretion for the court to require the party most interested to testify to the contents of the alleged written agreement. The important element in this case is to establish the agreement of the testatrix to devise real estate in payment of the services of appellee. If this agreement is not established, then no recovery can be had in any

amount, as the claim is shown to be barred by the statute of limitations.

Before appellee was called by the court in this case, Lydia Willis, a competent witness, had testified that she was in the home of testatrix eight weeks after appellee commenced work, and that testatrix, in speaking of appellee and of her excellent qualities as a housekeeper, said to the witness that she intended "to will her [appellee] ten acres, including the orchard, house and barn," for doing her work. While this is not absolute proof of an agreement, it is a strong circumstance indicating that such agreement had been made, and we think warranted the court in requiring appellee to give her version of the contract. If there was anything in the testimony of appellee, or in her manner of testifying, that raised a doubt as to her candor and truthfulness, the court would naturally exclude her evidence from consideration. That the court did not wholly rely on the testimony of appellee, is shown by the fact that the recovery is less than fifty per cent of the demand, and was clearly predicated upon the evidence of others, who testified as to the extent and value of the service.

Finding no reversible error in the record, the judgment is affirmed.