CHRISTMAN, ADMINISTRATOR, *v.* HACK.

[No. 12,855. Filed April 20, 1927.]

1. WITNESSES.—*Calling witness as to matters before decedent's death.*—There is no general rule for determining whether the court erred in calling a witness to testify as to matters occurring before the death of a decedent, as provided by §554 Burns 1926, but it must be determined from the particular facts of each case.   p. 81.

2. WITNESSES.—*Court not limited to unwilling witnesses in calling party to testify against estate.*—The authority of the court, under §554 Burns 1926, to call a witness to testify as to matters occurring in a decedent's lifetime, is not limited to unwilling witnesses.   p. 81.

3. WITNESSES.—*No abuse of discretion in calling claimant against estate where claim had been established by other wit-*

*nesses.*—In the trial of a claim against an estate for personal services for the deceased and his estate, the court *held* not to have abused its discretion in calling the claimant to testify as to his services for the deceased, where two competent witnesses had testified to facts making out a *prima facie* case for the claimant. p. 82.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

Claim by Frank Hack against Heinrich Christman, administrator of a decedent's estate. From a judgment for the claimant, the administrator appeals. *Affirmed.* By the court in banc.

*Joseph P. Smith* and *Carlos T. McCarty,* for appellant.

*Frank E. Gilkison,* for appellee.

REMY, J.—This action is based upon a claim filed by appellee against the estate of which appellant is the legal representative. Trial by the court resulted in a judgment for appellee. The claim is for services, a part of which was rendered before, and a part after, the death of the decedent. On the trial, claimant, as a witness in his own behalf, testified as to services rendered at the request of appellant, after decedent's death. Having so testified, the claimant, being directed so to do by the court, then testified to facts in support of that part of his claim which was for services rendered prior to decedent's death. The action of the trial court in calling for and hearing this testimony of the claimant was assigned as a reason for a new trial; and thus is presented the only question for review.

It is provided by §276 of the Code of Civ. Proc. (§551 Burns 1926) that, in an action of this character, claimant is not a competent witness as to matters which occurred during the lifetime of the decedent. However, §280 of the Code (§554 Burns 1926) provides that in

such cases "the court may, in its discretion, require any party to a suit" to testify, and that "any abuse of the court's discretion shall be reviewable on appeal."

The question, then, is: Under the facts of this case, did the court, in requiring claimant to testify as to matters which occurred prior to the decedent's death, abuse its discretion?

In this jurisdiction, it is well settled that there is no general rule for the determination of what is, and what is not, an abuse of discretion. The solution of the question when it arises must depend upon the particular facts in each case. *Dearing* v. *Coulson* (1911), 48 Ind. App. 414, 96 N. E. 9; *Talbott, Admr.*, v. *Barber* (1894), 11 Ind. App. 1, 38 N. E. 487, 54 Am. St. 491. It has also been held, and correctly so, that the power of the court, under §280 of the Code, to require a witness to testify is not limited to unwilling witnesses. *Myers* v. *Manlove* (1913), 53 Ind. App. 327, 101 N. E. 661.

In the case at bar, the evidence of which complaint is made was heard after two competent witnesses had testified to facts which made out a *prima facie* case. It also appears that the court had previously sustained an objection to the testimony of claimant, holding him to be an incompetent witness as to matters which occurred during the lifetime of the decedent, and that the evidence was finally heard after the court caused a record entry to be made showing that it was upon the court's order. The trial was by the court without the intervention of a jury.

It is in our opinion a wise provision of the Code which authorizes the court, in its discretion, to receive the testimony of a claimant in a case of this character. Otherwise, injustice would often result. This power of the court should, of course, be exercised with caution;

and it is to the credit of our trial courts that it is only in rare instances that the power is abused.

We conclude that, under the facts as shown by the record in this case, the court did not abuse its discretion in directing the claimant to testify, and in hearing the evidence.

Affirmed.

Dausman, J., absent.