BARKER, GDN., *v.* CENTRAL BUILDING & LOAN ASSOCIATION.

[No. 14,697.   Filed July 26, 1932.]

*Ernest E. Cummings,* for appellants.

*Ora D. Davis, Raymond J. Kearns* and *Charles D. Hunt,* for appellee.

CURTIS, J.—This was an action to set aside an order of court, upon the alleged ground of fraud in the procurement of the order, by authority of which certain real estate belonging to the ward of the appellant was mortgaged to the appellee. The case was tried before the court, who, upon request made a special finding of facts and stated conclusions of law thereon. These were favorable to the appellee and a judgment was rendered accordingly. A motion for a new trial was seasonably filed and overruled. None of the pleadings are shown in the appellant's brief.

The errors sought to be relied upon for reversal are: Error as to each conclusion of law and error in overruling the motion for a new trial. Neither the motion for a new trial, nor its substance, is set out in appellant's brief and we cannot know without searching the record what it contains, but certain alleged errors that properly belong in a motion for a new trial are complained of in the brief. Error is sought to be predicated upon the admission of certain evidence over the objection of the appellant. This cannot be done by way of an independent assignment of error but must be done by way of a motion for a new trial. But if we should give the appellant the benefit of every possible doubt and assume that such alleged errors are contained in her motion for a new trial, yet at no place in her brief has she stated what the objectionable questions were, or what the objections were, or the substance thereof. Nor is there any reference to the page and line of the transcript where

such questions, objections, rulings, exceptions, and answers may be found. No question is therefore presented as to the admission of evidence.

Under Propositions, Points and Authorities the appellant has set out separately numbered propositions of law with authorities in support thereof, but none of which are applied to the particular errors assigned, and most of them are stated in mere abstract form. Rule 22, clause 5, of this court, requires that the several propositions or points presented in an appellant's brief shall be grouped under a separate heading for each error relied upon and a violation of this rule has frequently been held to require an affirmance. See *Baker* v. *Stehle*, 187 Ind. 468, 119 N. E. 4; *Cleveland, etc., R. Co.* v. *Ritchey*, 185 Ind. 28, 111 N. E. 913; *Chicago, etc., R. Co.* v. *Dennis*, 180 Ind. 596, 103 N. E. 652.

The rules also require that the appellant's brief shall be so prepared that each judge, by a consideration of the brief alone, and without examining the transcript, may intelligently consider each question presented. The appellant's brief is not so prepared. See *Dorsey* v. *State*, 179 Ind. 531, 100 N. E. 369.

There is a motion pending, filed by the appellee, to strike out the additional authorities filed by the appellant. This motion is overruled.

Notwithstanding the infirmities of the appellant's brief we have examined the finding of facts and they fully sustain the conclusions of law. There are no errors in the conclusions of law. In our opinion there is no reversible error shown.

Judgment affirmed.

Bridwell, J., not participating.