FERRARA ET UX *v.* GENDUSO ET AL.

[No. 27,327.   Filed January 15, 1940.]

*McGuire, Alexander & Graves,* and *John D. Kennedy,* for appellants.

*Everett J. Fletcher, E. J. Wiltrout,* and *Ray C. Thomas,* for appellees.

SHAKE, C. J.—The appellee Genduso obtained a judgment against the appellants on a promissory note and for the foreclosure of a real estate mortgage given to secure the same. Pursuant to the decree, the mortgaged property was sold by the sheriff and brought less than the amount of the judgment. Subsequently, and while the year for redemption was running, the court appointed a receiver for a part of the real estate upon a showing that the appellants were insolvent. The receiver was directed to collect the rents and profits and apply the proceeds upon the delinquent and current taxes. During the receivership $501.50 was collected, $215.99 of which was paid out for taxes, insurance, repairs, and utility service, leaving $285.51 on hand when the receiver filed his final report. The court allowed the receiver and his attorney $175.00 for their services and directed the remainder to be applied, first, to the payment of the costs, and, secondly, to the deficiency judgment.

The appellants resisted the appointment of a receiver but did not appeal from the order. While the receivership was pending they filed in succession, a petition to require the receiver to account to them for the rents and profits collected by him; a petition for the removal of the receiver; and objections to his final report. These various pleadings were all predicated upon the theory that the order appointing the receiver was improper because the appellants were in possession of the real estate at the time the receiver was appointed and because the property was worth more than the amount of the judgment. There was also a specific objection to the allowance made in favor of the receiver, based on his alleged negligence in failing to collect rentals.

All of appellants' petitions and objections were over-ruled or denied with exceptions, as was their motion for a new trial on the issues joined on the receiver's final report and their objections thereto. We are asked to review these several rulings. Among the causes assigned in the motion for a new trial is that the decision of the court was not sustained by sufficient evidence. There has been no attempt to bring the evidence before this court, nor is there any affirmative showing that the trial court refused to or did not hear evidence.

Appellants say in their brief:

"The appellee knows full well that he presented no evidence to the court, that all of the proceedings were had and disposed of solely upon pleadings. Appellee's insinuation that there was evidence presented to the trial court is an attempt to mislead this court."

This statement can not prevail over the state of the record before us. The presumption in favor of correct action on the part of a trial court is one of the strongest presumptions applicable to the consideration of a cause on an appeal. Where there were issues under which evidence would have been admissible, it will be presumed, in the absence of a bill of exceptions, that the court had before it the evidence necessary to sustain its action. These rules are too well established to justify the citation of authorities to sustain them. There is no way for us to determine whether the issues of fact raised by the appellants' various motions and petitions were established. If they were not, there is no ground for complaint. The alleged errors are not properly presented.

Judgment affirmed.