WISCONSIN NATIONAL LIFE INSURANCE COMPANY
*v.* MEIXEL.

[No. 27,901.   Filed November 2, 1943.]

*Arnold, Degnan, Dohnalek & Goheen,* of South Bend, for appellant.

*Loomis & Hartzer,* of South Bend, for appellee.

RICHMAN, J.—Appellant issued a policy of insurance to appellee dated June 23, 1939, containing provisions for indemnity on account of sickness and hospitalization. She was ill from February 3, 1940, to November 1, 1940. Her complaint in two paragraphs was filed May 17, 1940. The first paragraph demanded $400.00 covering three monthly payments of one hundred dollars each on account of sickness and fifty dollars on account of hospitalization. A general denial was the only answer. The provisions of the second paragraph are not important in view of the conclusion we have reached.

The cause was tried May 4, 1941, with special finding of facts and conclusions of law to which appellant excepted. Judgment was entered against appellant for $975.88, which included nine monthly payments of one hundred dollars each as indemnity for sickness, and

twenty-five dollars indemnity for hospitalization, with interest on the respective amounts from January 1, 1941, to December 15, 1941, as of which date the judgment was entered. There was no motion for a new trial. The evidence is not before us. The only errors assigned are on the exceptions to the conclusions of law.

Coverage as to illness indemnity is fixed by the two following provisions of the policy:

"The Company will pay at the rate specified in Part I, ($100 per month) for illness indemnity, for a period not exceeding twelve months beginning with the first day after the first visit of a physician, during which the Insured shall be necessarily continuously and entirely confined within the house and totally and continuously disabled and prevented from the performance of any and every duty pertaining to the business or occupation, solely by reason of 'such illness.' "

"Neither the accident nor illness insurance under this Policy shall cover disability for any period during which the insured is not under the professional care of and regularly attended at least once in every seven days by a legally licensed physician, other than the insured."

Findings seven and eight were as follows:

"That plaintiff insured was under the terms of the policy in question continuously permanently and totally disabled and was thereby unable to follow any duties pertaining to her business or occupation from the 3rd day of February, 1940, up to and including the 1st day of November, 1940, and was continuously and wholly confined to the house, except for an occasional visit to her doctor's office."

"That during the period from February 3rd, 1940, until the 1st day of November, 1940, plaintiff was under the continuous care and attention of a duly licensed and practicing physician of the city of South Bend, Indiana, and was in continuous consultation with said physician by personal calls by the physician to plaintiff's home or hospital to

July 1, 1940, and from July 1, 1940, to November 1, 1940, by continuous visits either by said physician to plaintiff's home or by plaintiff to physician's office or by occasional telephone consultations."

The facts so found are sufficient to establish liability under the provisions above set forth and to justify the court's conclusion that appellee was entitled to indemnity payments for nine months ending November 1, 1940.

But appellant says that since the complaint seeks only to recover the first three months' indemnity, these findings and conclusion, to the extent that they permit recovery beyond the date of the filing of the complaint, are outside of the issues and therefore cannot support the judgment. Appellant's attorney during the oral argument in this court confirmed the information contained in appellee's brief that at the outset of the trial he made the following statement to the judge:

"Your Honor, the defendant did initially take the position that it had information concerning breach of provisions and conditions subsequent, in relation to the policy. After it had completed its investigation, it altered that position, and the only question since has been the amount plaintiff is entitled to recover; but the amount has been and is now in dispute. How much she is entitled to recover is the only thing that defendant is disputing."

The judge said, "Very well" and appellee was then called as a witness in her own behalf. Her attorney started to ask if a demand had been made but was interrupted by appellant's attorney who said, "Yes. We acknowledge everything except the amount." On appeal as in the court below appellant is bound by these statements. The amount of recovery is the only issue. A single illness was involved in the litigation. It lasted

for nine months and ended six months before the trial. A supplemental complaint could have brought in issue the entire period for which there was judgment. Or the parties without amended or supplemental pleadings could by stipulation have so broadened the issue. "The presumption in favor of correct action on the part of a trial court is one of the strongest presumptions applicable to the consideration of a cause on appeal." *Ferrara et ux.* v. *Genduso et al.* (1940), 216 Ind. 346, 348, 24 N. E. (2d) 692. To sustain this judgment we think the opening statements of appellant's attorney should be treated as an invitation to appellee to prove and to the court to determine appellant's liability under the policy for the whole illness. So treated, the issue became, not what was recoverable under the complaint, but what was due appellee on the policy. Sufficient facts were found on this issue and, "it will be presumed in the absence of a bill of exceptions, that the court had before it the evidence necessary to sustain its action." *Ferrara* v. *Genduso, supra.*

We regard as hypercritical the contention of appellant that the findings did not identify the policy referred to therein as the one exhibited with the complaint. Only one policy was in suit, only one referred to in the findings, in each case a so-called "Perfect Protection" policy issued June 23, 1939 by appellant to appellee. The finding might have been more precise but was sufficient.

There is no merit in the contention that the finding failed to show that proof of loss was made by appellee in compliance with policy provisions. The opening statement obviated the necessity of any finding on the subject.

There is no finding justifying the award of $25.00 for hospitalization or the allowance of $1.44 interest

thereon. To that extent only the amount of the recovery is excessive and the judgment erroneous. If the appellee within twenty days shall file a written remittitur of $26.44 as of the date of the judgment, the judgment will be affirmed at the costs of appellant, otherwise reversed with instructions to the trial court to restate the conclusions of law and enter judgment in conformity with this opinion. If such remittitur be filed, the clerk of this court will certify the same to the lower court for entry in the order book with this opinion and for proper notation on the judgment docket.

NOTE.—Reported in 51 N. E. (2d) 78.