### BAILIN v. BAILIN.

[No. 28,023. Filed November 10, 1944.]

*Arnold, Degnan, Goheen & Zimmerman, Walter R. Arnold,* and *Isadore D. Rosenfeld,* all of South Bend, for appellant.

*Seebirt, Oare & Deahl, Lenn J. Oare* and *James F. Thornburg,* all of South Bend, for appellee.

O'MALLEY, J.—This is an appeal from an interlocutory order entered during the pendency of a suit for separate maintenance.

The appellant, who is the husband of the appellee, asserts that Superior Court No. 1 of St. Joseph County abused its discretion in awarding to appellee the sum of Forty-five Dollars ($45.00) per week for the support of herself and Sixteen Dollars ($16.00) per week for the support of their two children.

There was evidence that it would require the amount of the allowance to support the appellee and permit her to live in the manner in which she had been accustomed to live prior to the filing of the complaint for separate maintenance; that she was a middle aged woman, unable to work because of physical ailments and also because she was passing through that period

of life called menopause; that she had no income or property from which she was deriving or could derive any funds, and was wholly dependent upon the allowance so made, except that she was living in the home which she and her husband had contracted to buy and on which approximately Three Thousand Dollars ($3,-000.00) had been paid out of a purchase price of Eight Thousand Seven Hundred Dollars ($8,700.00), the balance of which was payable at the rate of One Hundred Dollars ($100.00) per month.

There was evidence uncontradicted that the appellant received a salary and bonus totalling Eight Thousand Seven Hunded Dollars ($8,700.00) per year as president and manager of a fish business, the title to which seemed to be in the name of a corporation. However, there was evidence that the appellant had in his name all of the stock of that corporation save and except two qualifying shares, and that at various times he borrowed or took money from the corporation for the purpose of making other investments or with which to pay current expenses. The evidence was such that the court could have inferred that the appellant and his family had not been living within the salary and bonus above referred to, and that to all intents and purposes the appellant was operating the corporation and handling its money in the same manner as if it belonged to him personally. There was evidence that the appellant owed Three Thousand Six Hundred Twenty-seven Dollars and Ninety-nine Cents ($3,627.99) to one bank for money borrowed for the use of the corporation, and that this loan was collaterally secured by insurance policies of both the appellant and appellee. There likewise was evidence that after the payment of taxes, insurance premiums

lant would have the sum of Seventy-three Dollars and Forty-six Cents ($73.46) per month for living expenses and to maintain the bank loan. However, the evidence most favorable to the decision of the lower court is such that the court could have inferred that the bank loan was to all intents and purposes a loan of the corporation, that the corporation was making considerable money, and if the appellant could not raise his salary because of a presidential order, he could receive dividends on the corporate stock, all of which belonged to him, or he could continue to take from the corporation in the form of a loan any amount necessary to carry on in the same manner as he had been doing prior to the time of the filing of the petition for support.

The Indiana authorities are to the effect that to justify a reversal in a case of this kind, it is necessary that the appellant show that there has been a clear abuse of discretion on the part of the trial court in the making of the allowance. *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32; *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345.

This court in the case of *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N. E. (2d) 752, 754, said:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."

Upon these facts we cannot say that a clear abuse of the trial court's discretion has been shown.

Finding no reversible error, the judgment is affirmed.

Note.—Reported in 57 N. E. (2d) 436.