## HEAVIN *v.* SUTHERLIN

[No. 17,421.   Filed December 17, 1945.]

*Frank Stoessel* and *Gillen & Lyons,* all of Greencastle, and *John W. Baumunk,* of Brazil, for appellant.

*Hughes & Hughes,* of Greencastle, and *Harvey L. Fisher,* of Brazil, for appellee.

DRAPER, J.—The appellee, claimant below, filed her claim in five paragraphs against the estate of Alonzo Cook, deceased. The first was on a note for $10,000, the second, third and fourth were on three smaller notes, and the fifth was for money loaned. She recovered on the first four paragraphs. The appellant here challenges only her recovery on the first.

At the trial the decedent's signature to the $10,000 note was proven. The note was in appellee's possession and was introduced in evidence. It was dated January 1, 1943, payable to the appellee one year after date, with interest at two percent. It bore endorsements showing interest paid regularly each month, the last showing interest paid to October 1, 1943. Some evidence concerning the claimant's close friendship with the decedent and concerning the decedent's business and financial status prior to his death was then introduced. Following that the appellee took the stand in her own

behalf, but her testimony was objected to and the court made the following entry:

> "It appearing to the Court that the claimant has made a *prima facie* (case), the Court is of the opinion, in view of claimant's advanced age and other circumstances now revealed by the evidence at this time, that justice can best be done by hearing the claimant's testimony and by hearing that testimony before the defendant is forced to go forth with its defense, therefore the Court now calls the claimant as a witness herein and announces that it will permit counsel for the claimant and defendant to examine and cross-examine the claimant. To which ruling of the Court the defendant at the time excepts, and the Court of its own motion now strikes out all testimony given at this time by the claimant and directs the attorney for the claimant to proceed with the examination from the beginning to which ruling of the Court the defendant at the time excepts."

The appellee then testified she was eighty-five years of age, and a first cousin of the decedent; that he last paid interest on the note October 1, 1943, and died October 22, 1943; that he had an iron safe in his office, and he had given her the combination of the safe and had let her have a box in it in which to keep her papers, and she had kept papers in the safe for years—ever since he got the safe. That the $10,000 note represented money loaned to the decedent, and before his death she had taken it there for safe keeping and because she wanted him to have it if she died first, as she thought a lot of him. If he died first, she expected payment from his estate, and if she died first, he would get the note. After he died she went to his office with the appellant executor, the assessor, an attorney and several others, and in the safe they found a bond, the $10,000 note, and some other notes, all belonging to her. She asked no one's permission, but took the bond, note and other pa-

pers because they were hers. No one, including the executor, objected to her taking the note or other papers or ever asked her to return any of them.

The appellant's evidence followed the testimony of the appellee. It had to do with the finding of the note and other papers in the safe, and with the time and manner of their removal. It was in substantial accord with that given on the same subject by the appellee.

Section 2-1715, Burns' 1933, provides that:

> "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: . . ."

Section 2-1718, provides with reference to § 2-1715, *supra*, that: "the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reviewable on appeal."

The question presented, in different ways, is whether the court abused its discretion in calling the appellee and permitting her to testify as above stated.

It is admitted by both parties that the discretion vested in the trial court should be exercised with great care; that this court should examine into the circumstances under which the discretion was exercised; and that the question as to whether discretion was properly or improperly exercised must depend upon the particular facts in each case.

When the appellee was called to testify, she had already made a *prima facie* case, and so her recovery

was not grounded alone upon her testimony at the trial. The note itself disclosed that it was uncancelled, was not yet due at the time of the decedent's death, and that he had paid interest on it to a date shortly before his death. His possession of the note before maturity, if, under the facts, it can be said he was in possession of it, raised no presumption of payment or discharge. *Ebersole* v. *Redding* (1864), 22 Ind. 232. See also note at page 882 of 70 A. L. R. The circumstance of its being found in the decedent's strongbox was, however, sufficient to justify the trial court in requiring the appellee to testify concerning it, to the end that justice might not miscarry. That, after all, is the purpose for which § 2-1718 was enacted.

The statute does not provide for the calling of such witnesses at any particular time. They have frequently been called after a *prima facie* case has been made, and before any defense has been interposed. See *Talbott, Administrator* v. *Barber* (1894), 11 Ind. App. 1, 38 N. E. 487; *Dearing* v. *Coulson* (1911), 48 Ind. App. 414, 96 N. E. 9; *Christman, Admr.* v. *Hack* (1927), 86 Ind. App. 79, 156 N. E. 165. In doing so in this case, the court anticipated a defense which had not and might not have been offered. We find no abuse of discretion in that regard, for if the appellee's testimony was premature, it worked no hardship upon the appellant in this case and was, perhaps, to his advantage, since it afforded him the opportunity to examine her before going forward with his defense.

We find no abuse of discretion and the judgment is therefore affirmed.

NOTE.—Reported in 64 N. E. (2d) 43.