CRAWFORD V. STATE EX REL. ANDERSON

[No. 28,563. Filed October 11, 1949. Rehearing denied November 8, 1949.]

*Nelson Bohannan* and *John B. Staggenburg,* both of Anderson, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

STARR, J.—The record in this case discloses that on July 9, 1948, the appellee brought an action in the Madison Circuit Court to enjoin and abate as a nuisance a house of prostitution alleged to be then owned and operated by the appellant. It is conceded by all the parties that this proceeding was brought under our statute providing for the abatement of houses of ill-fame. Acts of 1915, ch. 122; Burns' 1942 Replacement, §§ 9-2701 to 9-2709, both inclusive. On July 16, 1948, the appellee obtained therein a temporary injunction

restraining the appellant from conducting or permitting such nuisance as provided by said § 9-2702 above cited. On October 11, 1948, appellee filed in the cause an affidavit or verified information asserting that appellant had violated the terms of the injunction and a rule was thereupon issued for appellant to show cause why he should not be punished for contempt. Hearing on this matter was set for December 17, 1948, at which time the appellant filed his verified written answer to the information wherein he denied the charges therein contained, and moved the court that the rule be discharged, which motion was overruled. This matter was then submitted for trial and the evidence heard.

Thereafter, on December 28, 1948, final judgment was rendered in the original case for the appellee and against the appellant, and also in the same order appellant was adjudged guilty of contempt as charged and fined in the sum of $1000 and ordered imprisoned at the Indiana State Farm for a period of six months, and finally the appellant was ordered to pay to the Clerk of said Circuit Court for the use of the relator Harold J. Anderson, Prosecuting Attorney, for his services in prosecuting the action the sum of $200.

On January 26, 1949, the appellant filed his motion for a new trial. This motion is entitled in the original cause and bears the same court number as the original cause, but the body of same is directed and can be applied to the judgment in the contempt proceedings. In due course this motion was overruled and this appeal taken.

The sole assignment of error is the overruling of the motion for a new trial.

Appellant has briefed this case on the assumption that this is an appeal not only from the judgment in the

contempt proceedings, but also from the judgment in the original cause. The record discloses all the proceedings in the original case. It shows that both matters were tried at the same time. As we construe this entire matter, however, the original action and the contempt proceedings are two entirely separate and distinct matters and, if appealed, each must be appealed separately to the proper court. Also, for the same reason, separate motions for a new trial would have to be filed in each case. We know of no rule of practice which would allow two separate, unrelated causes to be included in one appeal, or that would allow a motion for a new trial filed in one of such cases to suffice for both cases. From an examination of the whole record, however, we have determined that this appeal was one solely from the judgment in the contempt matter, and that the motion for a new trial can fairly be considered as filed in the contempt matter. We, therefore, will not consider matters set out in appellant's brief relating to the disposition of the original case as that case is not before us. Had an appeal been taken from the original case to this court our only recourse would have been to transfer such appeal to our Appellate Court.

The appellant, by his motion for a new trial and by his assignment of error, has properly presented the questions hereinafter discussed and decided.

Appellant asserts that the finding is not sustained by sufficient evidence for the reason that there is no evidence to show that the appellant was the owner of the involved business or that he had knowledge of the alleged violation of the temporary injunction. We have carefully examined all the evidence in this case and it is our opinion there is ample evidence to support the finding. Several witnesses testified that

while the order was being violated the premises were those of the appellant, and were his place of residence and that the violations were open and notorious.

As a further ground for new trial appellant insists that the finding is contrary to law for the following reasons: (a) that appellant's verified answer purged him of contempt; (b) that the appellant was charged by affidavit or information instead of by complaint as required by said § 9-2704 of our statutes; (c) that in the final judgment the court ordered without authority the appellant to pay to the Clerk of the court for the use of the Prosecuting Attorney the sum of $200; (d) that the judgment was rendered before an answer had been filed in the main case.

This cause is based upon the special statute above cited. The validity of this statute is not questioned. One section of the same, being said § 9-2704, provides for a trial and does not contemplate that a defendant may purge himself by denying the charges under oath as is provided under Burns' 1946 Replacement, § 3-909, in cases of indirect criminal contempt. We base our reason why a verified answer will not purge a defendant in a case of this kind solely upon the provisions of the special statute above cited.

It is true that § 9-2704 of our statutes, above cited, does provide that a proceeding such as we have before us shall be commenced by complaint upon which the court shall cause a warrant to be issued under which the defendant shall be arrested. The record discloses, however, that the appellant appeared to the affidavit or information, and without objection as to its sufficiency or regularity; filed his answer and went to trial. If appellant desired to raise any objection to this procedure, he should have filed his motion to discharge the rule to show cause on this particular

ground, as such motion is equivalent to a motion to quash, *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, and in case of an adverse ruling could only have presented the same on appeal by an independent assignment of error.

From our study of the judgment herein, we think that the award of the sum of $200 to the prosecutor was made in the main case. Why this was done, we are at a loss to understand. This proceeding is statutory and the special statute under which it was brought does not authorize an award of attorney fees, nor is there anything in the finding upon which this award could be based. Under these circumstances, there is authority for saying that this portion of the main judgment is void. See *Price* v. *State ex rel. Gordon* (1918), 67 Ind. App. 1, 118 N. E. 690. However, we are not called upon to decide this question.

There is no merit or substance to appellant's contention that this cause could not be heard until the main case was at issue. Even in the main case, by going to trial an answer was waived. *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E. 2d 243, 145 A. L. R. 740.

We conclude that the finding is not contrary to law for any of the reasons advanced by the appellant.

By specifications 3 to 8, inclusive, of his motion for new trial, appellant attempts to question the ruling of the trial court in admitting the testimony of certain witnesses over his objections. The grounds of objections do not appear in any of these specifications—hence no question is presented for review as to the admissibility of any of this evidence. *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. 2d 122.

Lastly, appellant contends that it was error to render a determinate sentence of fine and imprisonment in this case as this was a matter of civil contempt, ■ although in arguing that he was purged by his verified answer, he necessarily takes the position that this is a matter of criminal contempt. Overlooking this inconsistency and conceding that this question can be properly raised by a motion for a new trial, we are convinced that the special statute above referred to, whose validity is not questioned, authorizes the imposition of such sentence. See Burns' 1942 Replacement, § 9-2704, above cited.

The judgment of the trial court is hereby affirmed.

NOTE.—Reported in 87 N. E. 2d 877.