ESTATE OF ALEXANDER *v.* ALEXANDER.

[No. 20,220. Filed January 14, 1966. Rehearing denied March 4, 1966.]

*Work & Kimbrough,* of Gary, and *Donald F. Bowen* and *Richard Givan* and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*David P. Stanton,* of Indianapolis, for appellee.

CARSON, J.—This is an appeal from a verdict and judgment growing out of an action instituted in Lake County Superior Court, Room 4. The issues were formed upon the claim of the plaintiff below, appellee herein, against the estate of the decedent for personal services rendered to the decedent in his lifetime. To the claim the defendant filed answer in three paragraphs under the provisions of Supreme Court rule 1-3. The first paragraph of answer denied each and every allegation of the claim. The second paragraph affirmatively sets out that the claimant and the decedent were brother and sister and that because of love and affection between the parties any services rendered were gratuitous. The third paragraph allged that an agreement had been entered into whereby the decedent had agreed to pay the sum of $50.00 per month plus room and board to the claimant and that from August, 1955, until the date of death of the decedent the petitioner received the payments and subsistence pursuant to the terms of the agreement.

Upon the issues thus formed the matter was submitted to the jury for determination which resulted in a verdict for the plaintiff in the amount of $14,500.00 upon which the court rendered consistent judgment. The appellant filed a motion for new trial containing 22 specifications some of which we will summarize and treat collectively. They are summarized as follows:

1. The verdict of the jury is contrary to law.
2. The verdict of the jury is not sustained by sufficient evidence.
3. The verdict was excessive in that the damages awarded claimant by the jury herein were not sustained by evidence.

Specifications 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 each individually raised a question with respect to a ruling of the court in admitting into evidence over the objection of the defendant testimony of certain witnesses on direct examination, cross examination, and re-direct examination.

Specification 15 charges that the court erred in admitting into evidence over the objection of the defendant the alleged will of the decedent.

Specifications 16 and 17 charge that the court erred in calling as its own witness over the objection of the defendant the claimant, and in permitting the claimant to testify as to conversations and transactions between herself and the decedent in that such procedure contravened the policy set forth by the legislature in § 2-1715, Burns' 1946 Replacement.

Specifications 18 and 19 charge the court with error in sustaining an objection of the plaintiff to certain evidence offered by the defendant and in excluding such evidence.

Specification 20 charges the court with error in refusing to allow defendant's counsel to rebut an argument of plaintiff's counsel made in the presence of the jury and charging that the plaintiff's argument was highly prejudicial to the case of the defendant.

Specification 21 charges the court with error in giving plaintiff's tendered instructions numbers 1, 4, 5, 8 and 9.

Specification 22 charges that the court erred in refusing to give defendant's tendered instruction number 4.

The sole assignment of error is that the court erred in overruling appellant's motion for new trial. We shall consider the assignments in the order in which we have grouped them in this opinion.

Since the evidence in this case is in conflict, the effect of appellant's specification number 1 would require us to weigh the evidence and substitute our judgment for that of the trier of the fact. We have repeatedly held that we will not do this. *State ex rel. Zilky* v. *Lake Superior Court* (1961), 242 Ind. 128, 175 N. E. 2d 9. Flanagan, Wiltrout & Hamilton, § 2786, Indiana Trial and Appellate Practice, 1963 Pocket Parts, and cases cited therein.

Under specification number 2 and the rules laid down by our Supreme Court in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *Hinds, Executor, etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553, we are required to consider the evidence most favorable to the appellee and all reasonable inferences which can be drawn therefrom and determine whether or not reasonable minded men would have arrived at a conclusion different than that arrived at by the trier of the fact. We conclude upon application of the above rule an opposite result would not necessarily be the only one reached and therefore the verdict of the jury is not contrary to law.

Specification number 3 in the appellant's motion for new trial is not sustained by cogent argument and the application of authorities in the appellant's brief. The appellant has stated only conclusions and has fallen far short of the requirements under Supreme Court rule 2-17. See Flanagan, Wiltrout & Hamilton, § 2677, Indiana Trial and Appellate Practice, Pocket Parts 1963. There is therefore no

question presented for our consideration in this appeal as to specification number 3.

With respect to specifications 4, 6, 7, 9, 11, 13 and 14 we conclude from the record that the objections were not properly saved in the appellant's motion for new trial. Our courts have held that the motion for new trial must present the errors of law relied on in such a manner that the trial court had an opportunity to correct such rulings and must be sufficiently definite to show error to this court. *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Crawford* v. *State ex rel. Anderson* (1949), 227 Ind. 665, 87 N. E. 2d 877.

A careful consideration of appellant's brief indicates that no argument is presented with respect to propositions 5, 8, 10 and 12 and the same are therefore deemed waived.

The burden is upon the appellant to establish by his brief and to show by proper reference to the transcript and by cogent argument and the citation of authorities that reversible error has been committed by the trial court. A general summarization in the appellant's brief containing references to pages and lines in the transcript is not a compliance with the rules of the Supreme Court and the decisions of that court in interpreting rule 2-17. *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563. We have pointed out many times that only one judge has the transcript and the burden is upon the appellant to establish by his brief the facts supporting the assignments contained in his motion for new trial. In this connection we call attention to the language of the court in the case of *Barker, Gdn.* v. *Central, etc. Assn.* (1932), 94 Ind. App. 661, 182 N. E. 90. It is our opinion that specifications 18 and 19 as set out and argued in the appellant's brief fall short of meeting the above requirements.

Specification 15 is based upon the assignment that the court erred in admitting over the objection of the appellant the will of the decedent. There is nothing contained any place in appellant's brief except the conclusions of the appellant as to the effect and content of the will. The condensed recital of the evidence in the brief does not set out in material substance or by copy the will in question. This point therefore does not comply with the rules concerning Appellate procedure and the same will not be considered by this court.

Under specifications 16 and 17 the appellant points out that the court called appellee Arletha Alexander as the court's witness. This was done by the court pursuant to the provision of § 2-1718, Burns' 1946 Replacement. The pertinent part of that statute reads as follows:

".... or the court may, *in its discretion,* require any party to a suit or other person to testify, and *any abuse of such discretion shall be reviewable on appeal."* (Our emphasis)

We think the language of the statute is clear and unambiguous. The discretion is vested in the trial court and will only be reviewed by this court when there has been an abuse of such discretion. A long line of Indiana cases have held that the exercise of discretion by the trial court is not reviewable; it is only the abuse of the power which is reviewable on appeal. *Christman, Admr.,* v. *Hack* (1927), 86 Ind. App. 79, 80, 156 N. E. 165; *Heavin* v. *Sutherlin* (1945), 116 Ind. App. 310, 313, 64 N. E. 2d 43; *Bailin* v. *Bailin* (1944), 223 Ind. 7, 57 N. E. 2d 436. In the case of *Wisconsin Nat. Life Ins. Co.* v. *Meixel* (1943), 221 Ind. 650, 655, 51 N. E. 2d 78, we find this comment by our Supreme Court quoting from *Ferrara et ux.* v. *Genduso et al.* (1940), 216 Ind. 346, 348, 24 N. E. 2d 692:

".... 'The presumption in favor of correct action on the part of a trial court is one of the strongest presumptions applicable to the consideration of a cause on appeal.' ...."

Further in the case of *Christman, Admr.* v. *Hack,* supra, this court said:

> "In this jurisdiction, it is well settled that there is no general rule for the determination of what is, and what is not, an abuse of discretion. The solution of the question when it arises must depend upon the particular facts in each case. *Dearing* v. *Coulson* (1911), 48 Ind. App. 414, 96 N. E. 9; *Talbott, Admr.* v. *Barber* (1894), 11 Ind. App. 1, 38 N. E. 487, 54 Am. St. 491. It has also been held, and correctly so, that the power of the court, under § 280 of the Code, to require a witness to testify is not limited to unwilling witnesses. *Myers* v. *Manlove* (1913), 53 Ind. App. 327, 101 N. E. 661."

> "It is in our opinion a wise provision of the Code which authorizes the court, in its discretion, to receive the testimony of a claimant in a case of this character. Otherwise, injustice would often result. This power of the court should, of course, be exercised with caution; and it is to the credit of our trial courts that it is only in rare instances that the power is abused."

The burden is upon the appellant to demonstrate that the discretion was abused. We conclude from the record in the case before us that a *prima facie* case for the appellee was established by other evidence before the appellee was required to testify. It is our opinion therefore that the testimony of the appellee was cumulative and served only to clarify the evidence already in the case. The only case which we have been able to find which resulted in a reversal turned on the proposition that no *prima facie* case had first been established, and further *the court permitted the claimant to testify while in the case before us the claimant was required by the court to testify.* In our opinion there was no abuse of discretion by the trial court in the case before us.

In specification 20 the appellant charges error with respect to an argument by plaintiff's counsel in the presence of the jury and contends that the argument was prejudicial to the case of the defendant. An examination of the record indicates that this question was not properly saved by the rules

as heretofore laid down by this court in the case of *Johnson* v. *Basile* (1964), 136 Ind. App. 611, 199 N. E. 2d 478.

Specifications 21 and 22 claiming error are predicated upon instructions given for the plaintiff and to which the defendant objected, and further a refusal by the trial judge to give an instruction requested by the defendant. While the instructions given by the plaintiff and to which the defendant objected might have been more clearly stated it is apparent to us that they contain a general statement of law which is correct and certainly they were each supported by some evidence in the case. In our opinion the jury was not misled by these instructions. The general theory of the defendant's instruction number 4 is covered by the other instructions in the case. It has long been the general rule of this court following the decisions of the Supreme Court of the State of Indiana that if the instructions taken as a whole fully and fairly instruct the jury on the issues properly within the province of the consideration of the jury then the case will not be reversed.

Concluding that no reversible error was committed we affirm the verdict of the jury and the judgment of the court.

Prime, C. J., Wickens and Faulconer, JJ., concur.

## ON PETITION FOR REHEARING

CARSON, J.—We have considered the petition for rehearing filed in the above case. It is our opinion that nothing is presented in the petition which necessitates a change of the opinion of this court.

In fairness to counsel, however, we feel we should comment on paragraphs 3, 5 and 6 of the petition for rehearing.

Our opinion indicated what we considered the presentation of specification number 3 in the appellant's motion for new trial inadequate. Upon re-examination of the brief it appears that the appellant did present his argument on pages 83 and 84 sufficiently to comply with the Supreme Court rules. We

do not feel, however, that this argument presents any reason for a change of the result which we previously reached.

Appellant points out that specification number 18 of the motion for new trial is set out at page 97 of appellant's brief and should not have been included in the disposition of specification 19. We conclude that the argument presented in support of specification 18 does not convince us that the error if any was harmful. In our opinion the case was fully and fairly tried and a proper result was reached by the jury.

Appellant points out that the substance of the will in support of the argument set out under specification 15 is included in another portion of the appellant's brief at pages 52 and 53. The presentation of the contents of this exhibit from that portion of the brief containing the argument and citation of authorities required the court to refer to a separate section of the brief. We do not recognize this as the best practice, but in giving full consideration to the appellant's petition for rehearing and the separate portions of the brief referred to such petition we conclude that the court did not commit error in admitting the will into evidence and that the rights of the appellant were not prejudiced thereby. The petition for rehearing is denied.

Prime, C. J., Faulconer, J. and Wickens, J., concur.

NOTE.—Reported in 212 N. E. 2d 911. Rehearing denied 214 N. E. 2d 403.