BOICE *v*. MALLERS ET AL.

[No. 17,884. Filed February 1, 1951. Rehearing denied March 2, 1951. Transfer denied May 1, 1951.]

(See 229 Ind. 325, 98 N. E. 2d 368, for opinion of Supreme Court denying Petition to Transfer.)

*Brubaker, Rockhill & Lee,* of Warsaw, for appellant.

*Donald Vanderveer,* of Milford; *Ezra W. Graham; Widaman & Widaman;* and *Jesse E. Eschbach* (of counsel), all of Warsaw, for appellees.

BOWEN, P. J.—This is an appeal from a judgment in the probate jurisdiction of the Kosciusko Circuit Court setting aside the sale of certain stock by the trustee under the will of one Angus C. McDonald, deceased.

Issues were formed by a petition filed by one Nick Mallers who attacked the sale of certain stock to the appellant. Such petition alleged that the appellee Mallers was ready and willing to buy the stock; at a price exceeding the $35,000 appellant had allegedly paid for the stock; and that he was willing to pay ten per cent more than the $35,000 for the stock and tendered a check for $3,500. Such petition attacked the title of the trustee to such stock, and asked that the sale be set aside and a new sale ordered.

The will of decedent provided that, after certain bequests, the residue of his property and estate, both real and personal, was bequeathed and devised to one Clifford C. DuBois, as trustee, who by the terms of such will, Item 5 (a), was given broad powers to invest and reinvest any and all funds coming into his hands, as well as to alter the form of any investment; to lease, sell, dispose of, convey and assign any real or personal property belonging to the trust estate, or any reinvest-

ment thereof, at such times, upon such terms and for such prices as might be advantageous to the trust estate. The will further provided that the enumeration of powers therein shall not be taken or construed to limit or restrict the general authority therein granted or given. From the proceeds of such trust, the trustee was directed to make certain beneficial payments out of the income of the trust estate to decedent's wife and other persons, and provided that the residue of such net income shall exist as the "McDonald Memorial Fund" to be loaned to worthy, needy, students at the rate of three per cent interest per annum, to enable such students to procure either a high school, college, or professional education, with certain conditions as to the loans. The same Clifford C. DuBois was named executor of such will by a codicil executed shortly before the death of the testator, who authorized and empowered the executor thereof in the following language:

"I hereby authorize and empower my executor, Clifford C. DuBois, in his exclusive and absolute discretion, to sell and dispose of and convert into cash such items, portions or species of my property and estate, both real and personal, of any kind or character or wheresoever situated, as he may choose and select, as may be required for the payment of the debts and liabilities of and claims against my estate, legacies, taxes, or for such other purposes and objects as he may deem necessary or desirable in the administration of my estate and the execution of my will, and for such purpose hereby authorize and empower him to make and execute any and all necessary deeds of conveyance or other instruments in connection therewith."

Following the death of the decedent, Clifford C. DuBois was appointed both executor and trustee, qualified in both capacities and is still acting as such. He

qualified as executor on April 28, 1944, and qualified as trustee on February 15, 1945. Such executor filed an inventory showing among the assets of such estate one hundred and fifty shares of the capital stock of the Widaman-McDonald Company which owned a theatre building in Warsaw known as the Centennial Theatre. During the course of administration and prior to the sale in question, DuBois, as executor, applied for and secured the authority of the Probate Court for a contingent partial distribution of assets to the trustee, but such order of distribution did not include the stock in question.

Clifford C. DuBois, as trustee, filed a petition for an order authorizing the sale of the stock in question. In such petition, he alleges that such stock came into his hands as executor; that the outstanding shares of certificates of such stock were surrendered to the corporation for reissuing of new certificates evidencing the stock; that in issuing the new stock certificates instead of the same having been issued to said executor, whose duty in winding up said decedent's estate, would be to transfer and assign the same to himself as trustee under the will of said decedent, the same was issued directly to this trustee. The petition recited that "this report and the account of said transaction was made for the purpose of evidencing the disposition of such assets in said estate." Such trustee further alleged that under the will he was authorized to sell and dispose of the assets thereof and change the form of investment; that such stock is of the approximate value of $35,000 and that such trustee has been offered said sum therefor. In his judgment, the amount so offered for it is a good offer and a good price therefor. He asked that such stock should be ordered sold and converted into cash, and in the prayer of such petition he prayed an order

authorizing the sale of such stock now held by him as such trustee.

Such petition was submitted to the court for hearing, and the record recited that the court after having examined the petition, and having heard the evidence, and being duly advised in the premises, found that the allegations in the petition were true; that the prayer thereof ought to be granted; that in the interest of his trust estate, the trustee should be authorized to sell and convert into cash the one hundred and fifty shares of the common capital stock in the Widaman-McDonald Company and the prayer of the petition was granted, and such stock was ordered sold by such trustee under the will of Angus C. McDonald, deceased, and such trustee was authorized to transfer and assign any and all certificates evidencing the same. Such order for the sale of such stock by the trustee was made in the April term, 1948, of such court, on May 8, 1948.

On July 14, 1948, the same being in vacation between the April and September terms of such court, the appellee, Nick Mallers, filed his petition to set aside the sale of such stock. Such petition alleged that the petitioner was informed that a purported sale of such shares of stock was made by said Clifford C. DuBois, trustee, on or about May 25, 1948, for the sum of $35,000, but that said petitioner offered to purchase the same for ten per cent in excess of the bid so received and accepted by the trustee.

Such petition alleged that the purported sale of such stock was illegal and void for the reasons set forth in said petition including the claim that the legal title to such stock was and is in the estate of Angus C. McDonald, deceased; that the trustee had no title thereto and no distribution of such stock was lawfully made to the trustee.

The prayer of the petition asked that the purported sale of such stock be set aside and that a new sale be ordered by the lawful owner of the stock.

On issues formed by this petition and the answer of appellant thereto in denial, the case was submitted to the court for hearing under the title of In the Matter of the Trusteeship under the Last Will and Testament of Angus C. McDonald, deceased. The Court after having heard the evidence found for the petitioner; that the sale of the stock in question should be set aside. The court entered judgment setting aside the sale of the stock and adjudged that the transfer of said stock was void and of no effect.

Error assigned for reversal is the overruling of appellant's motion for a new trial. Grounds of such motion were that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law, and that the court erred in overruling the objection of the defendant to certain questions asked of the witness, John R. Boice, on direct examination, and that the court erred in admitting into evidence over the objection of this defendant, John R. Boice, the stub in the stockbook of Widaman-McDonald Company for Certificate No. 15, to which ruling the defendant, John R. Boice, at the time objected. Such certificate showed the transfer of the stock from Angus C. McDonald to Clifford C. DuBois, executor of the estate of Angus McDonald.

It seems clear that the appellee, Nick Mallers, who had no interest in the trust estate, as a creditor, heir, legatee, or beneficiary, had no right as a member of the public, to maintain such suit or to question the actions of the trustee of a charitable trust. The law is well settled that inasmuch as the enforcement of public charities are matters of public interest, the attorney general, appearing as a public

officer, is the proper party to maintain litigation involving questions of public charitable trusts. And an individual member of the public has no right as such to maintain a suit of such character. 2 Bogert, *Trusts and Trustees,* § 411 et seq.; 10 Am. Jur., Charities, § 115.5, § 118; *Restatement of the Law of Trusts,* § 391; *Dickey* v. *Volker* (1928), 321 Mo. 235, 11 S. W. 2d 278, 62 A. L. R. 881; *Greenway* v. *Irvine* (1939), 279 Ky. 632, 131 S. W. 2d 705, 124 A. L. R. 1229.

It is true, as contended by appellee, that the common-law doctrine of an executor's absolute power over the personal estate of a decedent has been limited and restrained by the decisions of our courts, and that the title and possessory rights of an executor are qualified. 1 *Henry's Probate Law and Practice* (5th Ed.), pp. 199-200; *Weyer* v. *Second Nat. Bank* (1877), 57 Ind. 198.

The qualified title and possessory rights of the stock in question passed to the decedent's executor under his will, and remained in such executor until there was a proper transfer under order of the probate court transferring the stock in question from the executor to the trustee.

From an examination of the record in the instant case, it appears that the same probate court in which decedent's estate was pending, upon a petition filed by the trustee in the cause entitled In the Matter of such Trusteeship under the will of the decedent, by court order approved and ratified the action of the executor in making distribution of the stock in question to such trustee. Such probate court ordered and decreed the sale of such stock by the trustee. Such order did not provide for a later confirmation of such sale. No confirmation was necessary under the law in order to pass title to the stock in

question. *Citizens' Street Railway Co.* v. *Robbins, Admr.* (1891), 128 Ind. 449, 26 N. E. 116.

The trustee's petition clearly showed a distribution of the stock in question from the executor to the trustee which the court by his order of sale ratified and approved, and the court thereby clearly ratified the reported acts of the executor as set forth in the trustee's petition. No claim was presented to the lower court on behalf of any creditor, legatee, heir, or beneficiary of the estate claiming that the executor acted improperly in making a distribution to the trustee as reported in the trustee's petition, nor was there any evidence from which any inference could be made of fraud, collusion, dishonesty, or improper conduct by either the executor or the trustee.

A court has a right upon a proper showing to order the transfer of the assets of an estate from an executor to a trustee. '

In the absence of a showing that such action by the executor in transferring such stock was improper, or that such stock was needed to pay the debts of decedent, or that such stock did not properly belong to such trustee as a part of the residue of such estate, we must indulge the presumption that the trial court acted properly in ordering the sale of such stock without requiring a confirmation thereof. *Ferrara* v. *Genduso* (1940), 216 Ind. 346, 24 N. E. 2d 692; *Martin* v. *Youngblood* (1937), 211 Ind. 647, 7 N. E. 2d 997.

Therefore, we must hold that the sale by such trustee under the order of the court passed title to the stock in question, and that there is no proper showing of circumstances which justify the court in setting aside the sale of the stock of the Widaman-McDonald Company on the petition of appellee Mallers, and the term of court in which the order

approving the transfer of the stock from the executor to the trustee was made, and the term in which the order of sale was made, having expired, the court possessed no inherent power to set aside such order.

The court, therefore, erred in overruling appellant's motion for a new trial. Judgment reversed and cause remanded to the trial court for proceedings not inconsistent herewith.

Martin, J., dissents.

NOTE.—Reported in 96 N. E. 2d 342.