Ivan BAILEY, Plaintiff-Appellant,

v.

TRUCK DRIVER'S LOCAL 414 IB OF T.C.W. & H., Eugene Messmore, Merlin A. Rice, Ervin B. Swygart, and May Sand & Gravel Corporation, Defendants-Appellees.

No. 3–779A212.

Court of Appeals of Indiana, Third District.

April 22, 1981.

Howard E. Petersen, Richard K. Muntz, Petersen & Muntz, LaGrange, for plaintiff-appellant.

Richard G. McCracken, Fillenwarth & Fillenwarth, Indianapolis, Peters, Terrill, Parrish & Larson, Fort Wayne, for defendants-appellees.

GARRARD, Judge.

This action was commenced by appellant Bailey in December 1954. His underlying contention was that he was not accorded proper seniority rights in his employment with May Sand & Gravel Corporation (the employer). At the time in question the employer had a collective bargaining agreement with Truck Driver's Local 414, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (the union).

During the ensuing quarter century the complaint was amended five times. Eventually, the court granted summary judgment in favor of all the defendants. Bailey appeals contending that there were material questions that were either undecided or that involved disputed material facts. His brief argues that he was entitled to a fifteen year statute of limitations to bring his action and that he should not be barred because of his failure to exhaust the remedies provided under his collective bargaining agreement. *See Vaca v. Sipes* (1967), 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842.

In its entry of summary judgment the trial court expressly determined, *inter alia*, that Bailey's claim related to a revision of the employer's seniority list that occurred about January 1, 1954; that at the time of his claim Bailey was also an employee of International Harvester Company; and that by virtue of that employment he was precluded from having regular seniority rights with the employer.

The record supports those determinations. One of Bailey's own affidavits admitted his additional employment. The collective bargaining agreement between the employer and the union for the time in question provided that the employer would not enter into any agreement with individual operators which conflicted with its provisions (Article 6). Concerning seniority rights, Article 13 provided,

"Owner operators driving their own truck are the only members eligibie to hold seniority on the regular board.

Truck owners who have another regular job shall be classified as the extra board. This classification will work only when regular board has all been called and put to work."

It thus appears that there was a valid basis for the court's decision based upon Bailey's lack of qualification for seniority rights. No argument attacking that basis has been raised or argued in this appeal. We must therefore deem any error concerning those findings waived. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7); *Anthrop v. Tippecanoe School Corp.* (1973), 156 Ind.App. 167, 295 N.E.2d 637.

Thus, as an uncontested basis for the judgment exists, the action of the trial court should be affirmed. *Accord Bailey v. Kain* (1963), 135 Ind.App. 657, 192 N.E.2d 486.

Affirmed.

HOFFMAN, P. J., and STATON, J., concur.