## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 04 2016, 9:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Adam J. Sedia
Rubino, Ruman, Crosmer, & Polen
Dyer, Indiana

ATTORNEY FOR APPELLEE

Tim Kelly
Kelly Law Offfices
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: the Marriage of:

Renita A. Marek,

*Appellant,*

and

Edward Marek,

*Appellee*

February 4, 2016

Court of Appeals Case No.
45A03-1503-DR-93

Appeal from the Lake Circuit Court

The Honorable George C. Paras, Judge

Trial Court Cause No.
45C01-1311-DR-910

**Robb, Judge.**

# Case Summary and Issue

[1]  In 2015, the trial court entered a decree dissolving the marriage of Edward Marek ("Husband") and Renita Marek ("Wife"). The trial court ordered that

the parties' marital property be equally divided. Wife appeals, raising one issue for our review: whether the trial court erred in concluding she had not rebutted the presumption that an equal division is just and reasonable. Concluding the trial court's judgment equally dividing the marital property is unsupported by the findings and evidence, we reverse and remand.

## Facts and Procedural History[1]

Husband and Wife were married in 1978. At the time of the marriage, both parties worked full time. Husband has worked full time for Ford Motor Company throughout the marriage. Wife left her outside employment to be a full time homemaker after the birth of the parties' first child in 1982. A second child was born to the couple in 1986. In 1997, Wife returned to the workforce. But for a two-year period when she again left the workforce and two subsequent temporary leaves of absence for medical reasons, Wife has worked part-time (twenty-one hours per week) at the local library since 1997 earning $13.39 per hour. Full-time employment at the library is thirty-seven and one-half hours at the same hourly rate. Wife has not attempted to obtain full-time employment at the library or elsewhere. She does babysit the parties' granddaughter three or four days a week. At the time of the final hearing in this matter, Husband was

---

[1] Husband has not included within his brief a Statement of Issues, Statement of the Case, or Statement of Facts. Although such omissions are allowed by the appellate rules if the appellee agrees with those statements as set forth in the appellant's brief, our rules also require the brief to specifically state that the appellee agrees with the appellant's statements. Ind. Appellate Rule 46(B)(1). Husband did not include that statement of agreement.

earning approximately $80,000.00 per year and overtime, and Wife was earning approximately $14,000.00 per year.

[3] During the marriage, Wife inherited property and funds after the deaths of her mother and uncle. The property was sold, and the proceeds of the sale together with the funds were deposited into multiple bank accounts in Wife's name only (the "inheritance accounts"). The value of the inheritance accounts as of the final hearing was approximately $90,000.00. Husband knew of the inheritances, but otherwise had virtually no knowledge regarding where the monies were held or in what amounts. Also during the marriage, Husband suffered work-related injuries for which he received a worker's compensation settlement totaling approximately $150,000.00.[2]

[4] In November 2013, Husband filed a petition for dissolution of marriage. In December 2013, the parties entered an Agreement on Stipulated Provisional Orders, in which they agreed, in part, to share the use of the marital home. In August 2014, the parties entered a Partial Agreed Order, in which they agreed that Husband would be awarded the marital residence and Wife would be permitted to continue to reside there under the terms of the provisional order

---

[2] The Partial Agreed Order describes the components of Husband's settlement as: $115,839.00 for permanent partial disability, $19,898.88 for temporary total disability, and attorney fees and expenses of $32,659.89 "for a total of $152,357.03." Appellants' [sic] Appendix at 26. Adding the individual amounts does not result in the total sum stated, but the accompanying documents indicate the total settlement was indeed $152,357.03, less attorney fees and costs of $32,659.89, and that temporary total disability—the only component relevant to the property distribution—was $19,898.88. *See id.* at 29-32.

The Partial Agreed Order further states the settlement was placed in an account in Husband's name with a value in May 2014 of approximately $120,000. *Id.* at 26.

until seven days "from the time as the Final Decree of Dissolution is entered and she is paid her equity in the residence." App. at 25. They further agreed to the valuation of certain assets and that some of those assets were "wholly marital assets." *Id.* at 25-26. The parties noted that the following items remained in dispute:

> Whether Husband's Workers Compensation Settlement should in whole or in part be included in the marital pot, whether Wife's inheritance from her Mother and Uncle should be awarded wholly to Wife as an additional share of the marital pot, whether the marital pot should be divided equally, Husband's contributive share of Wife's Attorney fees, whether Wife is entitled to spousal support, and if so how much and for how long.

*Id.* at 27.

[5] The trial court held a final hearing on November 18, 2014. By this time, the parties had agreed and stipulated that only the temporary total disability portion of Husband's worker's compensation settlement (approximately $20,000.00) would be included in the marital pot and the remainder was excluded and not subject to division. Wife's inheritance remained a point of contention. Husband requested the trial court apply the statutory presumption of equal division of the marital estate; citing the parties' income disparity, Wife requested the trial court deviate from the statutory presumption and award a 65/35 percent distribution in her favor, including setting over the inheritance accounts to her.

[6] On February 17, 2015, the trial court entered a decree distributing the parties' assets and dissolving their marriage. The trial court concluded "a deviation from the statutory presumptive equal division of the marital estate is not warranted and that Wife has not rebutted the presumption that an equal division of the marital estate in this case is a just and reasonable division of the same." *Id.* at 15. Based upon the agreed values of the marital assets, including the inheritance accounts, the total value of the marital estate was $562,648.19. The trial court equally divided the marital pot between the parties, assigning the inheritance accounts to Wife.[3] Additionally, the trial court ordered that Husband pay $3,000 of Wife's attorney fees. Wife now appeals.

# Discussion and Decision

## I. Standard of Review

[7] The division of marital property is highly fact sensitive. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). It is a task within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). We will reverse a trial court's division of marital property only if there is no rational basis for the award; that is, if the result is clearly against the logic and effect of the facts and circumstances, including the reasonable inferences to be drawn therefrom. *Luttrell v. Luttrell*,

---

[3] The trial court's division of assets resulted in Wife receiving $281,328.20 and Husband receiving $281,319.99.

994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. We will also reverse if the trial court has misinterpreted the law or disregarded evidence of factors listed in the controlling statute. *Webb v. Schleutker*, 891 N.E.2d 1144, 1153 (Ind. Ct. App. 2008). When we review a claim that the trial court improperly divided marital property, we consider only the evidence most favorable to the trial court's disposition of the property without reweighing evidence or assessing witness credibility. *Id*. Although the facts and reasonable inferences might allow for a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court. *Id.* at 1154.

[8] The trial court's judgment here included specific findings of fact and conclusions at the request of the parties. We review conclusions of law de novo. *Johnson v. Johnson,* 999 N.E.2d 56, 59 (Ind. 2013). But pursuant to Trial Rule 52(A), we "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Findings of fact are clearly erroneous when the record contains no facts to support them, and a judgment is clearly erroneous if no evidence supports the findings, the findings fail to support the judgment, or if the trial court applies an incorrect legal standard. *In re B.J.R.*, 984 N.E.2d 687, 697 (Ind. Ct. App. 2013).

## II. Division of Marital Property

[9] Indiana Code chapter 31-15-7 governs disposition of marital assets in a dissolution proceeding. Indiana Code section 31-15-7-4 provides the trial court

shall divide the property of the parties in a just and reasonable manner, whether that property was owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before the final separation, or acquired by their joint efforts. This "one pot" theory of marital property ensures that all marital assets are subject to the trial court's power to divide and award. *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011).

[10]   "The court shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. However, the presumption of equal division may be rebutted by a party who presents evidence that an equal division would *not* be just and reasonable because of the contribution each spouse made to the acquisition of property; the extent to which property was acquired before the marriage or through inheritance or gift; the economic circumstances of each spouse at the time of dissolution; the conduct of the parties during the marriage relating to their property; and the earnings or earning ability of each party. *Id.* The party seeking to rebut the presumption of equal division bears the burden of proof of doing so, *Beckley v. Beckley*, 822 N.E.2d 158, 163 (Ind. 2005), and a party challenging the trial court's decision on appeal must overcome a strong presumption that the trial court acted correctly in applying the statute, *Campbell v. Campbell*, 993 N.E.2d 205, 212-13 (Ind. Ct. App. 2013), *trans. denied*.

[11]   The dissent has stated this proposition favoring a trial court's ruling as follows: "The presumption that a dissolution court correctly followed the law and made

all the proper considerations in crafting its property distribution is one of the strongest presumptions applicable to our consideration on appeal." *See* slip op. at ¶ 22 (quoting *Hyde v. Hyde*, 751 N.E.2d 761, 765 (Ind. Ct. App. 2001)). Tracing this quote back ultimately leads to this statement being made in the dissent in *Wallace v. Wallace*, 714 N.E.2d 774, 781 (Ind. Ct. App. 1999), *trans. denied*, which cites *In re Marriage of Stetler*, 657 N.E.2d 395 (Ind. Ct. App. 1995), *trans. denied*, in support. *Stetler*, however, simply says, "The presumption in favor of the correct action by the trial court is one of the strongest presumptions applicable to our consideration on appeal." *Id.* at 398. To the extent the more specific formulation articulated by the dissent in *Wallace* would imply a trial court's determination regarding property distribution in the dissolution arena is specifically entitled to the "strongest presumption" of correctness, it is somewhat misleading. *See, e.g., Estate of Alexander v. Alexander*, 138 Ind. App. 443, 449-50, 212 N.E.2d 911, 915 (1966) (stating, in a case claiming against an estate for personal services, that "[a] long line of Indiana cases have held that the exercise of discretion by the trial court is not reviewable; it is only the abuse of the power which is reviewable on appeal. 'The presumption in favor of correct action on the part of a trial court is one of the strongest presumptions applicable to the consideration of a cause on appeal.'") (internal citations omitted) (quoting *Wis. Nat'l Life Ins. Co. v. Meixel*, 221 Ind. 650, 654, 51 N.E.2d 78, 79 (1943) (a case of a claim against an insurance policy)). The dissolution cases which now state the standard of review specifically in favor of the trial court's division of marital property have overstated or misinterpreted the language of *Alexander* and its predecessors such that an appellant would rarely,

if ever, be found to have overcome this "strongest presumption." In short, while we may presume the trial court followed the law in making its decision, we still review a trial court's property division for an abuse of the trial court's discretion. "[T]here is no general rule for the determination of what is, and what is not, an abuse of discretion. The solution of the question when it arises must depend upon the particular facts of each case." *Id.* at 450, 212 N.E.2d at 915. We turn now to those facts.

[12] Wife does not challenge any of the trial court's findings of fact as clearly erroneous. Rather, she challenges the trial court's conclusion and judgment based on its findings and, contrary to the trial court's conclusion otherwise, believes she rebutted the presumption of equal division of the marital estate with evidence regarding her inheritance and her economic disadvantage.

[13] The trial court's findings relevant to these issues are:

> 7. When the Parties were married [in 1978], Husband was working at Ford Motor Company and Wife was working at Time, Inc. Both jobs were full-time. The highest level of education obtained by Wife is a high school diploma.
>
> 8. Wife worked at her full-time position for seven years until the birth of the Parties' first child [in 1982]. A second child was born in 1986.
>
> 9. Wife stayed home with both children until 1997.

10. In 1997, Wife began working at the Lake County Library on a part-time basis. Wife left such position until she returned to work there in 2000 or 2001.

11. In 2000 or 2001, Wife went back to work at the Lake County Public Library as a clerk making $13.39 per hour working approximately 21 hours per week. Wife continued to be so employed as of the date of the Final Hearing.

12. A full-time clerk position at Wife's employer opened a year before the commencement of this case but Wife did not apply for that full-time position.

13. During her present employment with the Lake County Public Library, Wife has taken 2 leaves of absence for medical reasons.

14. Wife claimed to have medical restrictions upon her ability to work, but admitted that no doctor has ever issued written medical restrictions and no credible evidence of any medical restrictions on her ability to work was presented at the Final Hearing.

15. Wife is physically capable of working a full-time job.

16. From the inception of the marriage to the date of the Final Hearing, Husband has remained employed as a full-time employee with Ford Motor Company. Husband's annual income from his employment, as of the date of the Final Hearing, is approximately $80,000.00.

* * *

19. In 2005 and 2009, Wife inherited funds upon the deaths of her mother and uncle. Wife did no[t] share specifics of her inheritances with Husband during the marriage and the evidence demonstrated that ultimately such funds are now held and embodied in [the inheritance accounts].

20. The funds Wife inherited were available for her use and used by her during the marriage.

* * *

25. Husband requested that this Court employ and apply the statutory presumptive equal division of the marital estate.

26. Wife requested a deviation from the statutory presumptive equal division of the marital estate primarily alleging that a disparity amongst the Parties' incomes warrants a deviation and requesting a deviation whereby the martial [sic] estate is divided 65% to Wife and 35% [to Husband] including, within such proposed division, the setting over all funds obtained by Wife during the Parties' marriage via inheritance to Wife.

App. at 9-10, 12. The trial court's conclusions on these findings are:

46. Having considered the evidence, the Court finds and concludes that a deviation from the statutory presumptive equal division of the marital estate is not warranted and that Wife has not rebutted the presumption that an equal division of the marital estate in this case is a just and reasonable division of the same.

* * *

54. The Court having considered the factors it must consider in exercising its broad discretion to award attorney fees in

dissolution cases finds and orders that Wife should recover a reasonable portion of the attorney fees that did incur in this case. In reaching this conclusion, the Court has considered the current earning power of each Party; the disparity in current income, the size of the marital estate and division set forth herein, and the time and expenses expended by the Parties in this case as demonstrated by the evidence of fees and costs incurred by Wife.

*Id.* at 15, 17.

[14] Wife challenges the trial court's conclusion that an equal distribution of the marital property is just and reasonable. Specifically, she claims she rebutted the statutory presumption of an equal division with evidence regarding the inheritance accounts and the parties' economic disparity. All the factors of Indiana Code section 31-15-7-5 are to be considered together, with no one factor alone necessarily proving or requiring an unequal division. *See Fobar*, 771 N.E.2d at 59-60 (noting that the trial court's disposition is to be considered as a whole, not item by item and therefore, "[e]ven if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable.").

[15] We acknowledge the high bar Wife has to overcome for us to reverse the trial court's decision regarding division of the marital property. But we agree with Wife that the trial court's findings do not support the court's conclusion that an equal division is just and reasonable in this case. The trial court's findings acknowledged Wife's limited education, in that she has only a high school

diploma. The findings acknowledge her time out of the workforce on behalf of the family, leaving a full-time job to stay home with the parties' children for over fifteen years. Although Husband intimated that Wife leaving her job at that time was her mother's idea, there is no indication that he objected to her being a stay-at-home mother and homemaker, and Wife testified the decision was a mutual one. Moreover, there is no indication Husband wanted Wife to work full-time when she returned to the workforce. In addition, the trial court's findings acknowledge Wife's limited income in comparison to Husband's. In fact, the trial court cited the economic disparity between the parties as the reason supporting its conclusion that Husband should pay some of Wife's attorney fees. Wife's income is less than one-quarter of Husband's; even if she were to obtain a full-time job at the library, her hourly rate would not increase, and she would still only make approximately one-third of what Husband makes. There is no indication—given her education and work experience—that Wife could get a full time job elsewhere that would pay the same rate, let alone significantly more. Further, as a part-time employee only, Wife has not been earning retirement benefits to this point, a fact upon which the trial court made no findings.

[16] As to the inheritance accounts, the trial court's findings acknowledge Wife kept them solely in her name and for her use and Husband was unaware of the specifics of the accounts. There is no evidence that family funds were commingled with the inheritance accounts or that Wife used the funds in those accounts for family purposes, other than a one-time use of $7,000 from the

accounts toward the parties' daughter's wedding. That amount represents less than one-tenth the value of the inheritance accounts as of the time of the final hearing.

[17] A party's inheritance alone does not necessarily dictate how property should be divided. *Compare Fobar*, 771 N.E.2d at 60 (holding the trial court did not err in equally dividing marital estate despite evidence of wife bringing inherited property into the marriage and keeping control over it; wife earned more than husband and would have greater resources following dissolution), *with Castaneda v. Castaneda*, 615 N.E.2d 467, 470-71 (Ind. Ct. App. 1993) (finding no error in the trial court setting aside inheritance to wife because evidence that inheritance was kept in her name, husband did nothing to contribute to the accumulation of the funds, funds were never co-mingled with other assets, and funds were not treated as marital property rebutted presumption of equal division). Rather, inherited property "must be considered in conjunction with relevant evidence regarding other statutorily prescribed factors, and with any evidence demonstrating additional reasons that an unequal distribution would be just and reasonable." *Eye v. Eye*, 849 N.E.2d 698, 702 (Ind. Ct. App. 2006). In this case, that includes evidence and findings that Husband did not contribute to the maintenance or accumulation of the inheritance accounts; Husband did not have access to or use of the accounts; and the parties did not treat the accounts as marital property.

[18] In addition, there are findings and evidence that Wife's earnings are substantially less than Husband's earnings; Wife's earning ability is not

significantly greater in the future than it is now; and Wife has earned no retirement benefits of her own. By agreement, Husband was awarded the marital home and was to pay Wife half its value as part of the property distribution, but also by agreement, the parties were sharing the residence throughout the proceedings and Wife was permitted to reside there until seven days after the dissolution decree was entered. She will therefore be required to find other housing with part of her distribution from the marital estate. Wife will ultimately be in disadvantaged economic circumstances as compared to Husband after the dissolution.[4]

[19] No one factor listed in Indiana Code section 31-15-7-5 is entitled to special weight over any other. *See Bertholet v. Bertholet*, 725 N.E.2d 487, 496 (Ind. Ct. App. 2000). In this case, however, the findings made by the trial court and nearly all the statutory factors listed favor an unequal distribution of the marital estate. No findings support an equal division. The trial court's findings do not support its conclusion that an equal division is just and reasonable in this case. The presumption that the trial court correctly applied the law in dividing the marital assets has been rebutted and we therefore conclude the judgment awarding the parties equal shares of the marital estate is an abuse of discretion. Although Wife requested a 65/35 split of the marital estate, awarding her the

---

[4] We also note that the bulk of Husband's worker's compensation settlement was not included in the marital estate. Although this portion of the settlement may have been properly excluded from the marital estate (and Wife does not claim otherwise), *see Leisure v. Leisure*, 605 N.E.2d 755, 759 (Ind. 1993) (holding worker's compensation benefits, to the extent they replace earnings after dissolution, remain separate property not subject to inclusion or division as part of the marital estate), it is nonetheless a substantial sum of money available to Husband after dissolution.

entirety of the inheritance accounts would result in an approximately 60/40 split, and we believe that would be a just and reasonable resolution here. We therefore reverse and remand for the trial court to amend the decree of dissolution accordingly.

# Conclusion

[20] Wife has met her burden of overcoming the presumption on appeal that the trial court acted correctly in applying the statutory presumption of an equal division of the marital estate. The trial court's findings do not support its conclusion that equal division is just and reasonable. Therefore, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

[21] Reversed and remanded.

Vaidik, C.J., concurs.

Pyle, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: the Marriage of:

Renita A. Marek,

*Appellant,*

and

Edward Marek,

*Appellee.*

Court of Appeals Case No.
45A03-1503-DR-93

**Pyle, Judge, dissenting.**

I respectfully dissent from my colleague's reversal of the trial court's decision to equally divide the marital estate. As the majority ably notes, a party seeking to rebut the presumption of an equal division of marital property bears the burden of proof in doing so. *Beckley v. Beckley*, 822 N.E.2d 158, 163 (Ind. 2005); *see also* I.C. § 31-15-7-5. "'A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute.'" *Love v. Love*, 10 N.E.3d 1005, 1012-13 (quoting *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008)). Indeed, "'[t]he presumption that a dissolution court correctly followed the law

and made all the proper considerations in crafting its property distribution is one of the strongest presumptions applicable to our consideration on appeal.'" *Hyde v. Hyde*, 751 N.E.2d 761, 765 (Ind. Ct. App. 2001) (quoting *Wilson v. Wilson*, 732 N.E.2d 841, 844 (Ind. Ct. App. 2000), *trans. denied*). Whether a trial court's division of the marital property was just and reasonable is "in some sense an issue of law" but "it is highly fact sensitive and is subject to an abuse of discretion standard." *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). Thus, we will reverse a property distribution only if there is no rational basis for the award. *Love*, 10 N.E.3d at 1013.

[23] In this case, reasonable minds might disagree as to whether it would be more just to award Wife a 60/40 split in the marital estate. However, I do not believe that is the question for our court to answer. The question is whether there is a rational basis for the trial court's award. In answering that question, I do not find any basis for concluding that there was no rational basis for the trial court's equal division of property. The trial court held a hearing, listened to the evidence, made credibility determinations, and entered specific findings that provided a rational basis for its judgment. As a result, I would affirm the trial court's award.