## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 13 2017, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Patrick L. Jessup
Anthony L. Kraus
Yoder & Kraus, P.C.
Kendallville, Indiana

ATTORNEYS FOR APPELLEE

Chad L. Rayle
Thompson Smith
Smith, Smith & Rayle, P.C.
Auburn, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Rachea Eytcheson,

*Appellant-Petitioner,*

v.

Jason Eytcheson,

*Appellee-Respondent.*

January 13, 2017

Court of Appeals Case No.
57A03-1607-DR-1711

Appeal from the Noble Circuit Court

The Honorable G. David Laur, Judge

Trial Court Cause No.
57C01-1512-DR-223

**Vaidik, Chief Judge.**

# Case Summary

[1] In this divorce case, the trial court set aside one-third of Jason Eytcheson's (Husband) 401(k) account to him and then divided the remainder equally between Husband and Rachea Eytcheson (Wife). The court, following Husband's lead, reasoned that Husband had the 401(k) account for eight years—or one-third of the account's age—before the parties were married. Wife argues that this was error. Because Husband did not present any evidence of the amount he contributed to his 401(k) account during those eight years or the value of his account when the parties got married, we conclude that the trial court abused its discretion in setting aside one-third of Husband's 401(k) account to him. We therefore order the trial court to include this amount in the marital pot for division.

# Facts and Procedural History

[2] Husband and Wife were married in December 1999. Husband began participating in a 401(k) plan through his employer in April 1992; he continued participating in the 401(k) plan throughout his marriage to Wife. Wife filed for divorce in December 2015.

[3] At the final dissolution hearing in June 2016, the major contention was Husband's 401(k) account. Husband submitted Exhibit B, which was a quarterly statement from his 401(k) account valuing it at $237,419.76 as of

September 30, 2015.[1] The parties agreed on the value; however, they disagreed how to divide it.[2] Wife's attorney argued that there was no evidence as to the 401(k) account's value when they got married in December 1999 and that the account should be divided evenly. In response, Husband's attorney said he tried to get a value of the 401(k) account in December 1999 but could not. As such, he felt that the "reasonable" way to divide the 401(k) account was to set aside one-third of the $237,419.76 to Husband and then divide the remainder equally. Husband's attorney reasoned that Husband's 401(k) account was twenty-four years old and Husband had the account for eight, or one-third, of those years before the parties were married. Tr. p. 34.

[4] The trial court agreed with Husband. Accordingly, the court set aside one-third, or $79,139.92, to Husband and then divided the remaining $158,279.84 equally between Husband and Wife, giving $79,139.92 to each of them. Appellant's App. Vol. II, p. 11, 15. Due to Husband's superior earning capacity—"in that [Husband] earns six (6) times more than Wife"—the court "deviate[d] from the presumptive equal division" and awarded Wife 55% of the

---

[1] This was the value according to the most recent quarterly statement when Wife filed for divorce, which was before the December 30, 2015 quarterly statement. Tr. p. 33.

[2] Wife's attorney told the trial court that up until 5:30 p.m. the night before the final hearing, the parties had agreed to split the $237,419.76 evenly. *See* Tr. p. 30.

"net" marital assets and Husband 45%. *Id.* at 11. Notably, the net marital assets did not include the $79,139.92 that had been set aside to Husband.[3]

[5] Wife now appeals.

# Discussion and Decision

[6] Wife contends that the trial court erred in setting aside $79,139.92 from Husband's 401(k) account to him because Husband did not present any evidence regarding the extent to which he contributed to his 401(k) account before their marriage or the account's value when they got married. The division of marital property is highly fact sensitive. *In re Marriage of Marek*, 47 N.E.3d 1283, 1287 (Ind. Ct. App. 2016), *trans. denied*. It is a task within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Id.*

[7] Indiana Code chapter 31-15-7 governs the disposition of marital assets in a dissolution proceeding. Indiana Code section 31-15-7-4 provides that the trial court shall divide the property of the parties in a "just and reasonable manner," whether that property was owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before final separation, or acquired by their joint efforts. This "one pot" theory of

---

[3] If the $79,139.92 that was set aside to Husband was included, then Wife actually received 43.76% of the marital assets while Husband received 56.24%.

marital property ensures that all marital assets are subject to the trial court's power to divide and award. *Marek*, 47 N.E.3d at 1288.

[8] "The court shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. However, the presumption of equal division may be rebutted by a party who presents evidence that an equal division would not be just and reasonable because of the contribution each spouse made to the acquisition of property; the extent to which property was acquired before the marriage or through inheritance or gift; the economic circumstances of each spouse at the time of dissolution; the conduct of the parties during the marriage relating to their property; and the earnings or earning ability of each party. *Id.* The party seeking to rebut the presumption of equal division bears the burden of proof of doing so. *Id.*

[9] Here, the trial court set aside one-third of Husband's 401(k) account to him because he had the 401(k) account for eight years—or one-third of the account's age—before the parties were married. However, there is no evidence in the record regarding how much Husband actually contributed to his 401(k) account during those eight years or the account's value when he and Wife got married in December 1999. The only evidence Husband presented was how much his 401(k) account was valued on September 30, 2015, approximately sixteen years after the relevant date. Ex. B. As Wife argues on appeal, Husband could have made smaller contributions during those initial eight years, when his salary was most likely smaller, or there could have been market fluctuations during that time period. It is always the burden of the spouse seeking segregation of an

asset from the marital estate to prove the grounds for the segregation **and** the amount to be segregated. *Morey v. Morey*, 49 N.E.3d 1065, 1073 (Ind. Ct. App. 2016). Husband has failed to meet this burden by not presenting competent evidence regarding the amount to be segregated. *See id.* ("At the hearing, Husband testified that his Reynolds pension, annuity, and 401(k) started accruing when his employment began in 1983. He also testified that **he did not know the value of either the Reynolds pension or 401(k) on the date of marriage** and that he was not completely vested in the Reynolds pension or the 401(k) during part [of] the eight years he worked at Reynolds prior to marriage. . . . We agree with the trial court that Husband did not carry his burden on this issue . . . ." (emphasis added)). Accordingly, the trial court abused its discretion in setting aside one-third of Husband's 401(k) account to him. We therefore reverse the trial court on this issue and order it to include the $79,139.92 in the marital pot. And because of Husband's superior earning capacity, as recognized by the trial court, Wife should receive 55% of the marital assets while Husband should receive 45%.

[10] Reversed and remanded.

Bradford, J., and Brown, J., concur.