## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 16 2019, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laurie Baiden Bumb
Bumb Law Office, LLC
Evansville, Indiana

ATTORNEY FOR APPELLEE

Thomas A. Massey
Massey Law Offices, LLC
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin Heckel, <br> *Appellant-Respondent / Cross-Appellant,* <br><br> v. <br><br> Tammy Heckel, <br> *Appellee-Petitioner / Cross-Appellee* | August 16, 2019 <br><br> Court of Appeals Case No. <br> 18A-DR-2860 <br><br> Appeal from the Spencer Circuit Court <br><br> The Honorable Lucy Goffinet, Special Judge <br><br> Trial Court Cause No. <br> 74C01-1606-DR-210 |

**Crone, Judge.**

## Case Summary

Kevin Heckel ("Husband") and Tammy Heckel ("Wife") both appeal the trial court's order dissolving their marriage. Husband contends that the trial court

erred in dividing the marital estate equally and in summarily finding Wife's witnesses more credible than his witnesses regarding the valuation of marital assets. Wife contends that the trial court erred in excluding certain assets from the marital estate and in failing to rule on her petition asserting that Husband is in contempt of a provisional order requiring him to share farm rental income with her. We conclude that the trial court did not abuse its discretion in dividing the marital estate equally and in summarily finding Wife's witnesses more credible than Husband's, but that it erred in excluding certain assets from the estate and in failing to rule on Wife's contempt petition. We therefore affirm in part, reverse in part, and remand with instructions to include the challenged assets in the marital estate, equalize the estate accordingly, and issue a ruling on Wife's contempt petition.

## Facts and Procedural History

Husband and Wife were married in October 1998. Their two children were born in 2001 and 2003. In 2003, Husband's mother deeded approximately 210 acres of Heckel family farmland, including a seventy-nine-acre turkey farm, to the parties jointly as husband and wife. Husband and Wife built their marital residence on a forty-acre parcel of that farmland. Husband and Wife also acquired farmland on their own, including the 108-acre Polster Farm, and rented some of their farmland. Husband was employed by Covia, formerly known as Unimin, and also managed the family farming operations. Wife operated a gift shop in a building that she and Husband purchased.

[3]     In June 2016, Wife petitioned to dissolve the marriage.  In January 2017, Wife filed a petition for contempt asserting that Husband had failed to divide $20,000 in 2016 farm rental income equally with her in violation of an October 2016 provisional order.  The final hearing was held over multiple days in May and June 2018.  During the hearing, the trial court stated that it would rule on the contempt petition in its final order.  *See* Tr. Vol. 4 at 140 ("I'm going to save my ruling for the $10,000 to go with the […] final decree.").  The parties submitted proposed findings and conclusions at the trial court's request.

[4]     In October 2018, the trial court issued its own findings, conclusions, and order dissolving the parties' marriage and addressing child- and property-related issues.  The relevant findings and conclusions read as follows:[1]

> **[Findings]**
>
> 37.  The Court finds Husband's income at his current employer is $117,712.92.
>
> 38.  The Court finds Wife's income is $51,000.
>
> 39.  Based upon evidence and testimony presented the Court finds that the farming operations have been operating at a loss and no income will be attributed to either party.
>
> ….
>
> 43.  Indiana Code 31-15-7-4 provides that all marital property is

---

[1] We replace the trial court's references to the parties with "Husband" and "Wife" where appropriate.

to be divided and that the trial court shall divide the property in a just and reasonable manner.

44. Indiana Code 31-15-7-5 states that the Court shall presume that an equal division of marital property is just and reasonable.

45. There was no relevant evidence that [was] submitted by either party relating to the disposition or dissipation of marital property.

46. There was no Prenuptial Agreement.

47. Wife has a high school diploma and very little college. Almost all of her business attempts have been failures.

48. Husband has an Electrical Engineering degree from Purdue University and has been very successful in employment.

49. The parties acquired a substantial amount of farm land during the marriage. Some of the farmland was deeded to them by Husband's mother.

….

59. The Court does not find Husband's valuations of the residence, farm land and operations convincing.

60. The Court finds Wife's valuations of the residence[,] farm land and operations convincing.

….

63. Based upon evidence and testimony presented the Court finds Husband's [Unimin] 401(k) to have a pre-marital rollover amount of $85,002.26 which will be fully set aside to him.

64. Based upon evidence and testimony the Court finds

Husband's Unimin 401(k) valued at $346,365.53.

….

66.  Based upon the evidence and testimony presented the Court finds the Putnam Investment account in the amount of $5,457.19 to be a pre-marital asset belonging to Husband and should be fully set aside to him.

67.  Based upon the evidence and testimony presented the Court finds the FPA Paramount Fund account in the amount of $5,164.73 to be a pre-marital asset belonging to Husband and should be fully set aside to him.

….

[**Conclusions**]

 ….

5.  Wife shall be awarded the marital residence, along with 5 acres, … free and clear of any claim from the Husband.  The Court finds the value of the marital residence, and the surrounding 5 acres, to be $402,000.00.  Husband shall execute a Quitclaim Deed to relinquish his name from the joint title.

6.  Husband shall be awarded the remaining 35 acres that surround the marital home.  The court finds the value of the 35 acres to be $105,000.00.  Wife shall execute a Quitclaim Deed to relinquish her name from the joint title.

7.  Husband shall be the sole owner of the mortgage debt due and owing on the home in the amount of $197,181.00.

8.  Husband shall be the sole owner of the home equity debt due and owing in the amount of $49,190.93.

9. Husband shall transfer or pay off all the joint indebtedness from the marital residence within sixty (60) days of the date of this order.…

10. Husband shall become the sole owner of the 79 acres containing the turkey farm …. The Court finds the value of the 79 acres, containing the turkey farm, to be $960,000.00. Wife shall execute a Quitclaim Deed to relinquish her name [from] the joint title to this real estate.

11. Wife shall become the sole owner of the 108 acres of farm ground known as the Polster Farm. The Court finds the value of the 108-acre farm to be $540,000.00. Husband shall execute a Quitclaim Deed to relinquish his name from the joint title.

12. Husband shall become the sole owner of the remaining 121 acres of jointly owned real estate. The Court finds the value of the real estate to be $525,000.00. Wife shall execute a Quitclaim Deed to relinquish her name from the joint title.

13. The Court is awarding Husband all of the jointly owned real estate that originated from the Heckel family farm, with the exception of the 5 acres upon which the marital residence is located.

14. Each party shall be the sole owners of any crops, fixtures, barns, grains, bins, timer and any other similar assets upon the real estate awarded to that party.

15. Husband shall within thirty (30) days provide to Wife copies of all lease agreements.

16. Wife shall become the sole owner of the business Evergreen Boutique and Christmas Shop, LLC. The Court finds the value of the business to be $50,000.00. Husband shall execute a Quitclaim Deed to relinquish his name from the joint title.

17.  Wife shall be the sole owner of the Edwards Jones IRA in the amount of $29,447.66.

18.  Husband's Unimin 401(k) shall be equally (50/50) divided, with the exception of the $85,002.26 pre-marital rollover amount, with Wife to receive a lump sum $173,182.77 by qualified Domestic Relations Order (QDRO) and Husband shall be the sole owner of the remaining balance….

19.  Husband's Unimin Pension plan shall be equally (50/50) [divided] by QDRO.  The Court finds Wife's interest to be in the amount of $37,116.86.  Husband shall become the sole owner of the remaining balance….

20.  Husband shall become the sole owner of the Putnam Investment account.  The court concludes this to be a premarital asset.

21.  Husband shall become the sole owner of his FPA Paramount account.  The court concludes this to be a premarital asset.

22.  Wife shall become the sole owner of [a Toyota Highlander valued at $30,000, a mower, a four-wheeler, and] home furnishings with the approximate value of $20,000.00.

23.  Husband shall be the sole owner of the personal property in his possession and also [certain farm equipment as well as all] other machinery, fixtures and equipment for the farm operation located on the real estate awarded to the husband.

24.  Husband shall be responsible for the Old National Bank farm operation loan in the amount of $46,753.33….

25.  Husband shall be responsible for the Old National Bank commercial loan in the amount of $53,447.24….

26.  Husband shall be responsible for the debt due and owing on

the Toyota Highlander in the amount of $18,341.57.…

27. Husband shall be responsible for the Custody Evaluation Fee in the amount of $18,850.00.…

28. Husband shall be responsible for the payment of the Farm Bureau Policy Renewal in the amount of $4,814.00.

29. Each party shall be responsible for their own attorney fees.

….

31. To effect the Court's 50/50 distribution of marital assets Husband shall pay to Wife a lump sum property settlement payment of $64,987.30, which shall accrue no interest if timely paid within three (3) months from the date of this Decree.

Appealed Order at 5-15.

Both parties now appeal. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – The trial court clearly erred in excluding a portion of Husband's 401(k) and the Putnam Investment and FPA Paramount accounts from the marital estate.

We first address Wife's argument that the trial court erred in excluding a

portion of Husband's 401(k) and the Putnam Investment and FPA Paramount

accounts from the marital estate.[2]  Where, as here, the trial court asks the parties to submit proposed findings and then enters findings of fact and conclusions on its own motion, "the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found." *Apter v. Ross*, 781 N.E.2d 744, 751 (Ind. Ct. App. 2003), *trans. denied*.  "The specific findings will not be set aside unless they are clearly erroneous, and we will affirm the general judgment on any legal theory supported by the evidence." *Id*.  "A finding is clearly erroneous when there are no facts or inferences drawn therefrom that support it." *Id*.  A judgment is clearly erroneous if it relies on an incorrect legal standard. *Buse v. Trs. of Luce Twp. Reg'l Sewer Dist.*, 953 N.E.2d 519, 523 (Ind. Ct. App. 2011).

[7]  "In reviewing the trial court's findings, we neither reweigh the evidence nor judge the credibility of the witnesses.  Rather, we consider only the evidence and reasonable inferences drawn therefrom that support the finding." *Apter*, 781 N.E.2d at 751 (citation omitted).  While we defer substantially to a trial court's findings of fact, we do not do so to conclusions of law. *Buse*, 953 N.E.2d at 523.  "We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions." *Id*. (quoting *McCauley v. Harris*, 923 N.E.2d 309, 313 (Ind. Ct. App. 2010), *trans. denied* (2011)).  "In other words, '[a] decision is clearly erroneous if it is clearly against the logic and

---

[2] Husband asserts that "[t]he trial court's Findings specifically include each of these pre-marital assets in the marital estate."  Husband's Reply Br. at 8.  The trial court listed the assets in its findings, but it did not include them in its itemized balance sheet of the marital estate.

effect of the facts and circumstances that were before the trial court' or if the court misinterprets the law." *Id*. (quoting *Young v. Young*, 891 N.E.2d 1045, 1047 (Ind. 2008)).

[8] Indiana Code Section 31-15-7-4(a) provides that the trial court in a dissolution action "*shall* divide the property of the parties, whether: (1) owned by either spouse *before* the marriage; (2) acquired by either spouse in his or her own right: (A) after the marriage; and (B) before final separation of the parties; or (3) acquired by their joint efforts." (Emphases added.) "Indiana law has been uniformly interpreted as requiring the trial court to divide 'all' the property of the parties, specifically prohibiting the exclusion of any assets from the scope of the court's powers to divide and award." *Nill v. Nill*, 584 N.E.2d 602, 604 (Ind. Ct. App. 1992), *trans. denied*. "Only property acquired by an individual spouse *after* the separation date is excluded from the marital estate." *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004) (emphasis added), *trans. denied* (2005). "While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration as to how the marital estate should be divided." *Hartley v. Hartley*, 862 N.E.2d 274, 282 (Ind. Ct. App. 2007).

[9] Based on the foregoing, we agree with Wife that the trial court clearly erred in excluding the premarital rollover portion of Husband's 401(k) and his Putnam Investment and FPA Paramount accounts from the marital estate. Therefore, we reverse and remand with instructions to include those assets in the marital estate and equalize the estate accordingly.

## Section 2 – The trial court did not abuse its discretion in dividing the marital estate equally.

[10] We now address Husband's argument that the trial court erred in dividing the marital estate equally. The division of marital assets is a highly fact-sensitive task within the trial court's sound discretion, and we will reverse only for an abuse of that discretion. *In re Marriage of Marek*, 47 N.E.3d 1283, 1287 (Ind. Ct. App. 2016), *trans. denied*. "We will reverse a trial court's division of marital property only if there is no rational basis for the award; that is, if the result is clearly against the logic and effect of the facts and circumstances, including the reasonable inferences to be drawn therefrom." *Id.* "We will also reverse if the trial court has misinterpreted the law or disregarded evidence of factors listed in the controlling statute." *Id.* "Although the facts and reasonable inferences might allow for a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court." *Id.*

[11] Indiana Code Section 31-15-7-4(b) provides that the court "shall divide the property in a just and reasonable manner[.]" The court may do so by dividing the property in kind; "setting the property or parts of the property over to one (1) of the spouses and requiring either spouse to pay an amount, either in gross or in installments, that is just and proper"; "ordering the sale of the property under such conditions as the court prescribes and dividing the proceeds of the sale"; or ordering the distribution of pension benefits "that are payable after the dissolution of marriage, by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt." *Id*

[12]     "The court shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5.

> However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> > (A) before the marriage; or
> >
> > (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
> > (A) a final division of property; and
> >
> > (B) a final determination of the property rights of the parties.

*Id.* "The statutory factors are to be considered together in determining what is just and reasonable; any one factor is not entitled to special weight." *In re Marriage of Lay*, 512 N.E.2d 1120, 1125 (Ind. Ct. App. 1987). "The party seeking to rebut the presumption of equal division bears the burden of proof of doing so, and a party challenging the trial court's decision on appeal must overcome a strong presumption that the trial court acted correctly in applying the statute[.]" *Marek*, 47 N.E.3d at 1288.

[13] Husband argues,

> It is difficult to imagine a factual situation that is more appropriate for an unequal division of marital property than is presented here, where farm land that has been owned by the Husband's family for generations is deeded to the parties, with the intent that ownership be with the Husband who was born, raised, and worked on the farm since childhood, and where the Wife has made no contributions of any kind toward the acquisition or maintenance of the farm land.

Husband's Br. at 29.[3] He contends that "[t]he only findings that might arguably support an equal division would be Findings 37 and 38 concerning the earnings

---

[3] Husband suggests that the trial court should have excluded the Heckel family farmland from the marital estate. This suggestion is a nonstarter for the reasons given in Section 1 above.

of the parties and Findings 47 and 48 concerning their earning abilities." *Id.* at 33.[4]

[14] The substantial disparity in the parties' earnings and earning ability is a valid justification for an equal division of the marital estate, even considering Husband's maintenance of the farmland and the trial court's award of the marital residence and a small portion of that farmland to Wife. Wife points out that after she and Husband received the deed to the Heckel family farmland from his mother, they obtained a joint mortgage to pay off the existing $45,000 mortgage on the property and to pay $50,000 to each of Husband's two siblings on his mother's behalf. In other words, the farmland did not simply land in Wife's lap with no strings attached. We cannot conclude that the trial court abused its discretion in dividing the marital estate equally between the parties.

## Section 3 – The trial court did not abuse its discretion in summarily finding Wife's witnesses more credible than Husband's witnesses.

[15] Husband also contends that the trial court abused its discretion "by summarily adopting all of the valuations of the Wife's appraisers and valuators and

---

[4] Husband complains,

> There was no finding that the trial court had determined that an equal division of the marital estate was just and reasonable or that the Husband had failed to rebut the presumption that an equal division is presumed to be just and reasonable by his relevant evidence in support of an unequal division.

Husband's Br. at 32-33. Those findings are implicit in Conclusion 31.

rejecting all of the valuations of the Husband's appraisers and valuators."

Husband's Br. at 38. He complains that

> the appraisers employed different methods and approaches in the process of placing a value on [the] properties and their resulting opinions of value varied significantly. The total combined value of the Wife's experts was approximately $400,000 higher than the total combined value placed by the Husband's experts on [the] properties.

*Id*. He further complains that the trial court

> provided no review, analysis or critique of the testimony of the … experts, their qualifications or their different methods and approaches to the valuation of the properties. Based upon the trial court's findings, it is difficult to ascertain whether the court even considered and weighed the testimony and opinions of the Husband's valuators.

*Id*. at 39.

[16] The trial court has broad discretion in determining the value of property in a dissolution action, and its valuation will be disturbed only for an abuse of discretion. *Bertholet v. Bertholet*, 725 N.E.2d 487, 497 (Ind. Ct. App. 2002). "If there is sufficient evidence to support the trial court's decision, no abuse of discretion occurred." *Id*. Husband cites no relevant authority for the proposition that a trial court is required to enter detailed findings regarding why it found one party's witnesses more credible than another's, particularly absent

a request for special findings pursuant to Indiana Trial Rule 52(A).[5]  Contrary to Husband's assertion, the trial court specifically stated that it considered the testimony and opinions of his valuators, and it simply found them less credible than those of Wife's valuators.  Husband's argument is merely a request to reweigh evidence and judge witness credibility, which we may not do.  Accordingly, we find no abuse of discretion.

## Section 4 – On remand, the trial court must rule on Wife's petition for contempt regarding the farm rental income.

[17]  Finally, we address Wife's argument that the trial court erred in failing to rule on her petition to hold Husband in contempt for failing to divide $20,000 in farm rental income equally with her pursuant to the October 2016 provisional order.  This was clearly an oversight on the trial court's part, and therefore on remand the court must rule on this issue.[6]

---

[5] Husband devotes a significant portion of his statement of facts to a description of both parties' valuations of various properties.  Wife does the same.  As this Court stated under similar circumstances in *Crider v. Crider*, 15 N.E.3d 1042 (Ind. Ct. App. 2014), *trans. denied*,

> This case highlights just how inexact property valuation is; the trial court was faced with [multiple] qualified experts who presented diametrically opposed opinions, supported by extensive reports and reasoning, as to the value of [certain] real estate.  It was for the trial court to decide which opinion to accept.  We cannot reweigh the evidence or "judge the credibility of the battling expert witnesses."

*Id.* at 1059 (quoting *Goodwine v. Goodwine*, 819 N.E.2d 824, 830 (Ind. Ct. App. 2004)).  We find Husband's citation to *Garriott v. Peters*, 878 N.E.2d 431 (Ind. Ct. App. 2007), *trans. denied* (2008), inapposite because the trial court in that case gave no reason for discrediting a party's *unrefuted* evidence.

[6] We reject Wife's suggestion that we may rule on her contempt petition as a court of first instance.  We also reject Husband's suggestion that the issue is moot because the trial court's provisional order was extinguished by its final order.

Affirmed in part, reversed in part, and remanded.

Baker, J., and Kirsch, J., concur.