

IN THE

# Court of Appeals of Indiana

Shannon R. Miller,

*Appellant-Petitioner*

v.

Steven M. Miller,

*Appellee-Respondent*



FILED

May 19 2025, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 19, 2025

Court of Appeals Case No.
25A-DN-6

Appeal from the Gibson Superior Court

The Honorable Roman J. Ricker, Magistrate

Trial Court Cause No.
26D01-1903-DN-354

---

**Opinion by Judge Mathias**
Judges Foley and Felix concur.

**Mathias, Judge.**

Shannon Miller ("Wife") appeals the Gibson Superior Court's final decree dissolving her marriage to Steven Miller ("Husband"). Wife presents a single issue for our review, namely, whether the trial court abused its discretion with the valuation date it chose for Husband's 401(k) plan.

We affirm.

## Facts and Procedural History

In October 2011, Husband and Wife married. During the marriage, Husband worked as a diesel mechanic, and Wife "held numerous jobs" until she became ill with rheumatoid arthritis in 2014. *Miller v. Miller*, No. 22A-DN-2116, 2023 WL 7127691, at *1 (Ind. Ct. App. Oct. 30, 2023) ("*Miller I*"). In September 2016, Wife began receiving Social Security Disability benefits.

In March 2019, Wife filed a petition for dissolution of the marriage. The parties were unable to settle the marital estate, so, after a hearing, the trial court divided the marital assets as follows:

> (a) credited Husband $30,000.00 in equity in the Marital Real Estate; (b) segregated Husband's 401(k) from the other marital assets and awarded $115,000.00 to Husband and $65,000.00 to Wife; (c) divided the remainder of the marital estate equally (50/50) between the parties; (d) found that Wife committed dissipation by failing to collect rent on one of the mobile homes; and denied Wife's request for attorney's fees and spousal maintenance.

*Id.* at *2. Wife appealed, and this Court

> affirm[ed] the trial court's determination that: (1) Wife committed dissipation by failing to collect rent on one of the mobile homes; (2) Wife is not entitled to incapacity maintenance; and (3) Wife is responsible for her own attorney's fees. We reverse[d] the trial court's decision: (1) crediting Husband with $30,000.00 of equity in the Marital Real Estate; (2) segregating Husband's 401[(]k[)] from the other marital property and then deviating from a 50/50 division by awarding $115,000.00 to Husband and $65,000.00 to Wife; and (3) excluding the three debts in the marital pot for division.

*Id.* at *12. Accordingly, we remanded with instructions for the trial court to divide the marital estate consistent with our opinion.

[5] On remand, the trial court included Husband's 401(k) in the marital estate and divided the entire pot 50/50. In making that determination, the trial court, as it did the first time, valued Husband's 401(k) as of the date that Wife had filed the dissolution petition. Wife then moved to correct error and alleged in relevant part that, in addition to the award of fifty percent of Husband's 401(k), the trial court should have awarded her "investment growth, gains and/or losses of her portion of the 401(k) from the date of the filing of the Petition for Dissolution of Marriage of March 4, 2019[,] to present so that a Qualified Domestic Relations

Order can be drafted and processed[.]"[1] Appellant's App. Vol. 2, p. 63. The trial court denied that request. This appeal ensued.

## Discussion and Decision

[6] Wife contends that the trial court abused its discretion when it denied her request that she be awarded any gains or losses of Husband's 401(k) from the date she filed her dissolution petition "to present." Appellant's Br. at 12. Wife maintains that the only way to ensure the fifty-fifty division of the marital estate is to account for any and all gains or losses in the plan's value. We do not agree.

[7] It is well settled that the division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *In re Marriage of Marek*, 47 N.E.3d 1283, 1287 (Ind. Ct. App. 2016), *trans. denied*. And the trial court has discretion in valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing. *Eyler v. Eyler*, 492 N.E.2d 1071, 1074 (Ind. 1986).

[8] Wife argues that Husband has received a windfall because the value of the 401(k) has increased significantly since the valuation date. And she cites several cases in support of her contention that the trial court abused its discretion when

---

[1] Wife raised this issue in her brief on appeal in *Miller I*, but we did not reach the merits of the issue for lack of cogent argument. *See Miller I*, 2023 WL 7127691, at *5. In this appeal, Husband argues that this issue is barred by the law of the case doctrine. We disagree and exercise our discretion to address the merits of the issue here. *See Dean V. Kruse Found., Inc. v. Gates*, 973 N.E.2d 583, 590 (Ind. Ct. App. 2012), *trans. denied*.

it declined to award her a share of those gains.[2] But each of those cases is distinguishable, and we reject Wife's argument.

[9] In *Quillen v. Quillen*, 671 N.E.2d 98 (Ind. 1996), our Supreme Court addressed a husband's argument that the trial court had abused its discretion when it valued his family business as of the date of his separation from his wife because the evidence showed that the value had decreased significantly thereafter. On appeal, another panel of this Court had held that, where "the value of a marital asset changes radically between the date of final separation and the final hearing, it is an abuse of the trial court's discretion to select a valuation date that does not account for the events contributing to that change." *Quillen v. Quillen*, 659 N.E.2d 566, 573 (Ind. Ct. App. 1995), *vacated by* 671 N.E.2d 98 (Ind. 1996).

[10] Our Supreme Court disapproved of that holding and quoted from Judge Hoffman's dissent as follows: "'Because the standard currently allows the trial court to choose a date which recognizes changes in the value of the assets between the date of final separation and the final hearing, the [majority's] modification serves only to limit the discretion of the trier of fact.'" *Quillen*, 671 N.E.2d at 103 (quoting *Quillen*, 659 N.E.2d at 580 (Hoffman, J., dissenting)). Our Supreme Court concluded that "[t]he selection of the valuation date for any particular marital asset has the effect of allocating the risk of change in the

---

[2] The record does not demonstrate whether the current value has grown or diminished since Wife filed her brief on appeal.

value of that asset between the date of valuation and date of the hearing. We entrust this allocation to the discretion of the trial court." *Id.* at 103.

[11] Accordingly, here, the trial court had discretion to choose the valuation date of Husband's 401(k) and to allocate to him the risk of change in its value. Wife has not shown any abuse of the trial court's discretion.

[12] Affirmed.

Foley, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

April L. Edwards
Boonville, Indiana

ATTORNEY FOR APPELLEE

Daniel A. Moon
Daniel Moon Law Office, LLC
Princeton, Indiana